WHITNEY and Others *v.* RAGSDALE, Treasurer.

TAX.—*Bank Stock.*—*National Bank.*—*Statute Construed.*—The act of March 15th, 1867 (Act 1867, p. 216), authorized the collection of a tax on shares of capital stock owned in National banks located in this State, assessed in the manner provided for in said act, for state and county purposes, for the year 1867.

SAME.—*Constitutional Law.*—The fact that under said act the stockholder, in the listing and valuation of his stock, is represented by an officer of the bank, does not render the act in conflict with the provision of the constitution requiring a uniform and equal rate of assessment and taxation.

SAME.—*Residence of Stockholder.*—The requirement of said act, that the stock shall be taxed at the place where the bank is located, is not invalid where the owner of the stock lives in another county or state.

SAME.—*Officer of National Bank.*—*Authority of State Over.*—The fact that said act provides that an officer of the bank shall list the stock, does not render the act ineffectual in the case of National banks.

APPEAL from the Johnson Circuit Court.

RAY, J.—The appellants filed their complaint in the court below, against the appellee, on the 29th of July, 1868. It alleged, that the plaintiffs were stockholders in the Second National Bank of Franklin, located at Franklin, Johnson county; the bank being organized under the National Bank Act of Congress. The amount of stock held by the plaint-

iffs, respectively, is stated; that from January 1st, 1867, to the filing of the complaint, all the capital of the bank was invested in United States bonds and stocks, except the banking house, on which all taxes had been paid; that under color of the act of the Legislature, of March 15th, 1867, the board of commissioners of the county assessed a tax, for state and county purposes, on their stock in bank for the year 1867; that the assessment was placed on the tax duplicate; and that pursuant to precept placed in his hands, the treasurer was proceeding to collect the tax, with penalties, etc., by levy and sale of plaintiffs' property; that none of the plaintiffs were residents of Johnson county, E. G. Whitney, Wm. B. Whitney, Maria Whitney, and Thomas Reid, residing in Jefferson county, and all the others being citizens of Kentucky; that such had been their respective residences since prior to January 1st, 1867.

Prayer for perpetual injunction.

The defendant demurred to the complaint.

The demurrer was sustained by the court.

Exception taken by plaintiffs.

The plaintiffs abiding their complaint, final judgment against them went on the demurrer.

The only question in this case is, does the Act of March, 15th, 1867 (Acts 1867, p. 216), authorize the collection of such tax?

The appellants contend that the act should be construed as having prospective operation only, and not as authorizing any such tax for the year 1867, because it has been the course of legislation in this State to impose all taxes for the year upon property declared subject to it, as the same exists or is owned on the 1st day of January in each year. That on the day named this property was exempt from tax, and therefore worth more than if it had been taxed. Giving the act in question a retrospective operation would take away this additional value.

But it cannot reasonably be insisted that this additional value was not subject to the pleasure of the legislature and

liable at any moment to be taken away by the imposition of a tax. The argument results then in this, that as the legislature had not heretofore subjected property free from tax on the 1st day of January to such a burden at a subsequent date, we are therefore not to place such a construction upon this act as would result from a change of legislative practice.

To this may be answered, that the constitution of the State, article ten, section one, requires the legislature to "prescribe such regulations as shall secure a just valuation for taxation of all property, both real and personal," and that, therefore, where there has been a neglect of the legislature to comply with this requirement and impose the tax at the usual time, it is our clear duty to aid by reasonable construction any attempt by that body to supply such omission. Nor can it be said that such a construction deprives the owner of property thus omitted of any right. All property is by the constitution subject to this public burden, and it is also equitable that it should support its proportionate share.

That the tax was intended to apply for the year 1867, is evident from the language employed. The second section of the act requires the president or cashier of the bank to deliver a statement of the names and amount of interest of each stockholder to the proper county auditor on or before the fifteenth day of March in each year. The act was approved and went in force on that day. To enable bank officers to comply with the law for that year however, the second section of the act declares, that "the sworn statement, required by the second section of this act, *may* be made for the year 1867, at any time on or before the first day of May, but for subsequent years *shall* be made within the time required by the said second section."

To construe the word "may" as simply permissive, would render the provision not only idle, but absurd. It would be an insult to the legislature, to suppose that they intended

to allow each bank to elect whether or not its stockholders should be taxed.

The next objection is to the law itself. While it is admitted that this law is within the act of Congress, it is contended that it is in conflict with a provision contained in the section of the state constitution already cited, requiring "a uniform and equal rate of assessment and taxation." The specification is, that as to the listing and valuing of all his other personal property, each owner is allowed to attend to it himself, but as to National bank stock, he is represented by an officer of the bank. But as to real estate, he makes no return or estimate of value. In that case, as in this, such return and estimate are made by another person under oath. But this objection was disposed of in the case of *The Louisville & N. A. R. R. Co.* v. *The State, ex rel. McCarty, &c.,* 25 Ind. 177, where the point was made, that where the law provided a special method for the appraisement of the real estate belonging to a railroad, it was in contravention of the constitutional provision in question, and was, therefore, void. But this court, in deciding that case, sustaining the law, said: "The constitution does not require a uniform method of valuation of property, but only 'such regulations as shall secure a just valuation for taxation of all property, both real and personal.' The legislature must use a discretion as to the best method of securing a just valuation of property, and unless the method adopted be clearly inadequate to secure that result, we can not question its action."

It is objected again, that the act requires the stock to be taxed where the bank is located, irrespective of the residence of the owner. It is not contended that this violates any act of Congress, but that it conflicts with the "general revenue system of the State." But we are referred to no provision of the constitution which prohibits the legislature from declaring that all National bank stock shall be taxed at the place where the bank is located, and that all shares in other corporations shall be taxed where the own-

ers reside. The rate of assessment and taxation is still uniform and equal. That some of the stockholders are non-residents of the State, is no reason for this exemption from taxation. "It is not necessary that a person, to be amenable to the taxing power of the state, shall be a citizen of the state, or domiciled within it." *Board of Supervisors* v. *Davenport*, 40 Ill. 197.

The final fault found with the act in question is, that it is ineffectual, because it provides that an officer of the bank shall list the stock. It is contended, that such officer is "an officer of one of the fiscal agents of the General Government," and therefore the duty cannot be imposed upon him. As the duty is not inconsistent with the trust imposed upon him as such officer of such fiscal agent, we are not prepared to admit his exemption from state authority by virtue of his position.

In this case, however, the tax has been assessed, and whether or not the act provides for extreme cases is not necessary for our consideration now.

The judgment is affirmed, with costs.

*T. A. Hendrick*, *O. B. Hord*, *A. W. Hendricks*, and *C. E. Walker*, for appellants.

*T. W. Woollen*, *D. D. Banta*, and *C. Byfield*, for appellee.