### THE CITY OF RICHMOND ET AL. *v.* SCOTT.

CITY.—*Taxation.*—*Stock in National Bank.*—By the act of March 4th, 1873 (Acts 1873, p. 214), a tax may be levied by an incorporated city on the shares of stock in a bank organized under the national banking law of the United States, held by any person on the 1st day of April, 1873, as well as subsequent years, at the same rate as on real and other personal property within the city, though there are still in existence branches of the Bank of the State of Indiana, the shares of stock in which are not subject to municipal taxation.

SAME.—The validity of such a tax is not impaired by the fact that the money paid for such stock may have been taxed for municipal purposes, to the same person, as money on hand on the 1st day of January.

CONSTITUTIONAL LAW.—*Municipal Taxation.*—Section 1 of article 10 of the constitution of Indiana has no reference to municipal taxation.

From the Wayne Circuit Court.

*W. A. Bickle,* for appellants.

*J. P. Siddall* and *C. H. Burchenal,* for appellee.

WORDEN, J.—This was a complaint by the appellee against the city of Richmond and her treasurer, to enjoin the collection of certain taxes levied by the city upon the shares of stock held by the appellee in the Richmond National Bank, a corporation organized under the general banking law of the United States. It appears that the taxes were levied for the year 1873, at the same rate as was levied upon real and other personal property within the city.

There were two paragraphs in the complaint, one alleging that the bank was organized on the 1st of March, 1873, and that on or about that day the plaintiff became the owner of

the stock; the other alleging, that the bank was organized in March, 1872, when the plaintiff became the owner of the stock.

It appears from the complaint, that there are several branches of the Bank of the State of Indiana, organized under " an act to establish a bank with branches," passed March 3d, 1855, still in existence. See 1 G. & H. 139.

Demurrers to each paragraph of the complaint, for want of sufficient facts, overruled, and exception. Final judgment for the plaintiff.

The errors assigned call in question the correctness of the ruling on the demurrers.

The taxes appear to have been regularly levied, and no objection is made to their validity, except that the law under which the levy was made is invalid, or, if valid, that it does not authorize the levy for the year 1873.

The taxes are expressly authorized by the act of March 4th, 1873 (Acts 1873, p. 214), by which it is clearly contemplated that they may be levied for the year 1873, as well as subsequent years. See, on this point, *DePauw* v. *The City of New Albany*, 22 Ind. 204; *Whitney* v. *Ragsdale*, 33 Ind. 107.

The first section of the statute last above cited attempts to authorize the levying of taxes, for municipal purposes, upon " the shares of capital stock owned or held by any person or body corporate, in any bank or banking association, chartered or organized under the laws of this State, or chartered or organized under the laws of the United States (including the Bank of the State of Indiana, and its several branches, and national banks or banking associations)."

It is claimed, that as the fifteenth section of the act to establish a bank with branches, *supra*, provides, that " the capital stock of said bank or branches shall not be taxable for municipal purposes," it follows, that the shares of stock in the national banks are entitled to the same immunity. This is based upon the theory that no tax can be imposed by a state upon the stock in national banks, except such as is imposed upon the stock of the most favored banks in the State. The

forty-first section of the act of Congress providing for national banks (13 Stat. At Large, 3) places the shares of stock in them within the taxing power of the states, on two conditions; that the taxes assessed under state authority shall not be higher than is assessed upon other moneyed capital in the hands of its own citizens; and that the tax imposed upon the shares shall not be at any greater rate than is imposed upon the shares in any banks organized under state authority.

We shall enter upon no discussion of the question, whether the State can authorize any assessment for municipal purposes upon the shares of stock in the Bank of the State of Indiana. The charter of the bank has been supposed to be a binding compact between the State and the corporation, including its stockholders, which would prevent the imposition of such taxes, if the Constitution of the United States, as expounded in the Dartmouth College case and the unnumbered cases following it, affords any protection. No power is reserved to the State to amend or alter the charter, except " by and with the consent of the president and directors of the bank, and of the president and directors of each branch." Sec. 91.

We shall take for granted, for the purposes of this case, that such taxes cannot be imposed, and that the provision in our statute authorizing such assessment is unconstitutional and void. But it by no means necessarily follows, that the part of the law providing for an assessment of shares of stock in the national banks is void. These provisions are so distinct and separate that one may stand and the other fall.

The Bank of the State of Indiana was chartered in 1855, with the provision, as we have seen, that the capital stock of the bank and branches should not be taxable for municipal purposes. After the national banking law passed, most of the banking business of the State was done by the national banks. Some half dozen branches of the Bank of the State of Indiana, however, are still in existence.

A construction has been placed upon the second proviso to the forty-first section of the national banking law, by the Supreme Court of the United States, in the case of *Lionberger*

v. *Rouse,* 9 Wal. 468, which clearly establishes the validity of the tax in question here, although the State had, before the passage of the national banking law, so tied up her hands as that she could not impose the like tax upon the stock of the Bank of the State of Indiana, even had the second proviso remained in force. In that case, it was held, that the proviso was a measure that had reference to prospective legislation by the states, and its object was accomplished when the states conformed, as far as practicable, their revenue systems to it. The court, after discussing the point at some length, say : " Without pursuing the subject further, it is enough to say, in our opinion, Congress meant no more by the second limitation in the proviso to the forty-first section of the national banking act, than to require of each state, as a condition to the exercise of the power to tax the shares in national banks, that it should, as far as it had the capacity, tax in like manner the shares of banks of issue of its own creation."

The national banking act, however, was modified in 1868, so that the limitation above mentioned does not exist at all. An act of Congress, approved February 10th, 1868 (see 15 Stat. at Large, p. 34), entitled " an act in relation to taxing shares in national banks," provides, amongst other things, that " the legislature of each state may determine and direct the manner and place of taxing all the shares of national banks located within said state, subject to the restriction that the taxation shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such state." Thus the provision, as it stood in the original act of Congress, that the tax to be imposed by the states upon shares of stock in the national banks should not exceed the rate imposed upon the shares in any of the banks organized under the authority of the states, is swept away. The only limitation now is, that the taxation shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of the State. It is not shown, nor is it claimed, that the tax in question violates the provision above quoted of the act of 1868.

It is clear, therefore, that the second paragraph of the complaint did not allege facts sufficient to constitute a cause of action, no good ground being shown for enjoining the collection of the taxes specified in that paragraph.

The first paragraph alleges, as before stated, that the bank was organized, and the plaintiff acquired his stock, on the 1st of March, 1873, and it is insisted, that as he was not the owner of the stock on the 1st of January of that year, he cannot be charged with any municipal taxes upon it for that year. It is assumed, that, as a general rule, municipal taxes can be assessed against persons only for property held by them on the 1st of January. See the act for the incorporation of cities. 3 Ind. Stat. 63.

By the act to provide for a uniform assessment of property, etc. (Acts 1872, p. 57), the 1st of April in each year is the day fixed for the government of assessments. Persons are to be assessed for what property, real or personal, may be owned by them on that day. Secs. 37 and 38 of the act above cited. Shares of stock are to be assessed according to their value on that day. Sec. 63.

This act does not in terms apply to assessments for municipal purposes, unless we have overlooked some of its provisions. But the act of March 4th, 1873, *supra*, clearly contemplates that the assessments of bank shares for municipal purposes shall be based upon the same statements that are required to be made by the act of 1872, for general purposes, and thereby the 1st of April becomes the day in each year to which reference must be had in determining for what shares of stock a person is liable under the law to be taxed for municipal purposes.

But it is insisted that the law is unconstitutional, inasmuch as one period of time is referred to in determining for what shares of stock a person shall be assessed for municipal purposes, and another period in determining for what other property he shall be assessed for the same purposes.

The constitution, article 10, section 1, provides, that "the General Assembly shall provide by law for a uniform and equal rate

of assessment and taxation; and shall prescribe such regulations as shall secure a just valuation for taxation of all property, both real and personal," etc. Without deciding whether this provision of the constitution, if it applied to municipal taxation, would be violated by the law in question, we are of opinion that the provision can have no reference to municipal taxation. There cannot, in the nature of things, be a uniform rate of taxation for municipal purposes. Taxes for corporate purposes cannot be equal. The wants and necessities of towns and cities cannot be equal. Some require a higher and some a lower rate of taxation. See *The Bank, etc.,* v. *The City of New Albany,* 11 Ind. 139; *Bright* v. *McCullough,* 27 Ind. 223.

We are of opinion, therefore, that the law is not unconstitutional.

As the appellee owned his stock on and before the 1st of April, 1873, we think he was liable to be taxed thereon for that year for municipal purposes; and we conclude, therefore, that the first paragraph of the complaint, as well as the second, fails to state facts sufficient to constitute a cause of action, and that the demurrer to it, as well as to the second, ought to have been sustained.

The judgment below is reversed, with costs, and the cause remanded, with instructions to the court below to sustain the demurrers to each paragraph of the complaint.

DOWNEY, J., was absent when this cause was considered.

## ON PETITION FOR A REHEARING.

WORDEN, J.—In one of the paragraphs of the complaint, in this case, it is alleged, that the money with which the plaintiff purchased his bank-stock on or about the 1st of March, 1873, was assessed against him by the city as having been owned by him on the 1st of January of that year, and that he has paid the taxes thereon; and it is claimed that he cannot be assessed for the stock held by him on the 1st of April,

because he paid the taxes on the money with which the stock was purchased, for the same year.

On this point a rehearing is asked for.

We are of opinion, upon a re-examination of the statute, that municipal taxes generally, not including those assessed upon bank-stock, as provided for in the act of March 4th, 1873, are to be assessed upon persons for what they have on the 1st of January in the current year, as intimated in the original opinion.

The plaintiff was rightfully assessed for the money which he held on the 1st of January. It was optional with him to purchase the bank-stock before the 1st of April. He must be supposed to have done so with the knowledge that the city might impose the tax upon him for the stock which he held on that day. There may be a hardship in the law as it applies to some particular cases, but this does not render it unconstitutional or invalid. It is impossible to so frame a law for the assessment and collection of taxes, as that it will not in some cases work a hardship. Says Mr. Cooley (Const. Lim. 513): " Absolute equality and strict justice are unattainable in tax proceedings. The legislature must be left to decide for itself how nearly it is possible to approximate so desirable a result. It must happen under any tax law that some property will be taxed twice, while other property will escape taxation altogether. * * * Nevertheless, no question of constitutional law is involved in these cases, and the legislative control is complete."

In this case, if the plaintiff had acquired the money after the 1st of January, and purchased the stock after the 1st of April, he would have escaped municipal taxation on either for that year. But as he owned the money at the time it was assessed to him, and the stock at the time that was assessed to him, we see no legitimate way in which he can escape payment of the assessment on both. If the plaintiff is not liable for the tax on the stock for the year 1873, then the stock escapes municipal taxation altogether for that year.

The petition for a rehearing is overruled.