No. 10,463.

LOFTIN, TREASURER, v. CITIZENS NATIONAL BANK.

TAXES.—*Real Estate of National Banks.—How Taxed.—Statutes Construed.*— Real estate owned by a National bank, by the provisions of the statutes, State and National, as construed together, should be assessed for taxation as realty in the township where situated, and not as a part of the capital stock of the bank.

From the Superior Court of Marion County.

*R. B. Duncan, C. W. Smith* and *J. S. Duncan*, for appellant.

*T. A. Hendricks, C. Baker, O. B. Hord* and *A. W. Hendricks*, for appellee.

WOODS, C. J.—The appellee brought this action to enjoin the sale of certain real estate for taxes assessed upon it for the years 1878 and 1879. Error is assigned upon the overruling of the demurrer to the answer; but it is not necessary to give a statement of the pleadings. Counsel for the appellee say, that the precise question for determination is this: "May the assessor of a township, wherein a National bank is situated, in assessing the value of the capital stock of said bank, exclude from consideration the real estate taken by the bank in payment of debts, and thereafter, and as a part of a complete assessment of the property of the township, assess the real estate, as such, against the bank?"

Substituting *must* for *may*, we think the proposition sufficiently accurate. It can not be that the assessor had a discretion to exercise. It was his duty to assess the real estate as such, or it was not. If it was his duty so to assess it, the taxes in question are valid, and the sale should not be enjoined, notwithstanding the value of the real estate may have been included in the assessment of the stock. If it was not his duty to assess the realty as such, then the taxes in question are unlawful and invalid, and the sale should be enjoined, even though it should appear that the value of the realty was excluded or not considered in the assessment of the capital stock.

The following statutory provisions have been referred to as bearing upon the discussion:

From the act approved December 21st, 1872, 1 R. S. 1876, p. 72:

" Sec. 16. All real property and merchants' and manufacturers' stock shall be listed and returned for taxation in the county, township, city or town in which it is situated.

" Sec. 57. Every bank, (other than a National bank,) banker, broker, or stock-jobber, shall, at the time fixed by this act for listing personal property, make out and furnish the assessor a sworn statement, showing:

"*First.* The amount of money on hand or in transit.

"*Second.* The amount of funds in the hands of other banks, bankers, brokers, or others, subject to draft.

"*Third.* The amount of checks, or other cash items, the amount thereof not being included in either of the preceding items.

"*Fourth.* The amount of bills receivable, discounted or purchased, and other credits due, or to become due, including accounts receivable, and interest accrued but not due, and interest due and unpaid.

"*Fifth.* The amount of bonds and stocks of every kind, and shares of capital stock, of joint stock, or other companies or corporations, held as an investment, or any way representing assets.

"*Sixth.* All other property appertaining to said business, other than real estate, (which real estate shall be listed and assessed as other real estate is listed and assessed under this act).

" Sec. 59. Banking, bridge, express, ferry, gravel road, gas, insurance, manufacturing, mining, plank road, savings bank, stage, steamboat, street railroad, transportation, turnpike, and all other companies and associations incorporated under the laws of this State, (other than National banks,) shall, in addition to the other property required by this act to be listed, make out and deliver to the assessor a sworn statement of the amount of its capital stock, setting forth particularly:

"*First.* The name and location of the company or asso-ciation.

"*Second.* The amount of capital stock authorized, and the number of shares *into* which such capital stock is divided.

"*Third.* The amount of capital stock paid up.

"*Fourth.* The market value, or if no market value, then the actual value of the shares of stock.

"*Fifth.* The total amount of indebtedness, except the in-debtedness for current expenses—excluding from such expenses the amount paid for the purchase or improvement of property.

"*Sixth.* The assessed valuation of all its tangible property. Such schedule shall be made in conformity to such instruction and forms as may be prescribed by the Auditor of State. In all cases of failure or refusal of any person, officer, company, or association to make such return or statement, it shall be the duty of the assessor to make such return or statement from the best information which he can obtain."

Sec. 60, as amended by the act approved March 5th, 1877, Acts 1877, Reg. Sess., p. 141: "Such statements shall be scheduled by the assessor, and such schedule, with the statements so scheduled, shall be returned by the assessor to the county auditor. The auditor shall annually, on the meeting of the county board of equalization, lay before said board the schedules and statements herein required to be returned to him, and said board shall value and assess the capital stock of such companies or associations, in the manner provided in this act, and the said auditor shall compute and extend the taxes, for all purposes, on the respective amounts so assessed, the same as may be levied on the other property in such towns, cities, or other localities, in which such companies or associations are located: *Provided,* That the schedules and statements required by this act to be furnished by railroad, transportation and express companies, shall be forwarded by the county auditors to the auditor of State, to be by said auditor of State

laid before the State Board of Equalization, for their action, as originally intended in this act.

" Sec. 62. The shares of capital stock in any bank located within this State, whether organized under the laws of this State or of the United States, shall be assessed to the owner thereof in the county, township, city or town where such bank or banking association is located," etc.

" Sec. 64. The president or cashier of every bank or banking association contemplated by the sixty-second section of this act, shall make out, in addition to the other property required by this act to be listed, a statement under oath, showing the number of shares comprising the capital stock of such bank, the name and residence of each stockholder, with the number of shares owned by such stockholders in such bank, the par and cash value of each of said shares, and also the par and cash value of the entire capital stock of such bank or banking association, on the 1st day of April, and shall deliver such statement to the county auditor in the county wherein such bank or banking association is located, on or before the 1st day of May; and the county auditor shall deliver to the proper assessor a copy of such statement, and such capital stock shall thereupon be listed and assessed by the assessor, and return thereof made in all respects the same as similar property belonging to other corporations and individuals, except that it shall be treated as personal property belonging to banks or banking associations, under the name and style of capital stock.

" Sec. 65. Should any president or cashier of such bank or banking association fail to make and return such statement within the time aforesaid, the auditor of the proper county shall summon the president and cashier of such bank or banking associations, to appear forthwith before him, with the books of such bank or banking association; and said auditor is hereby empowered to compel the attendance of said officers, in obedience to such summons, and to examine them under oath, and

Loftin, Treasurer, v. Citizens National Bank.

to make such investigations at the expense of such bank or banking association as may enable him to obtain the information provided for in the sixty-fourth section of this act.

" Sec. 66. The county auditor shall enter the valuation of such capital stock on the tax duplicate of the current year, and shall compute and extend taxes thereon the same as against the valuation of other property in the same locality."

U. S. R. S., sec. 5219 : " Nothing herein shall prevent all the shares in any association from being included in the valuation of the personal property of the owner or holder of such shares, in assessing taxes imposed by authority of the State within which the association is located ; but the Legislature of each State may determine and direct the manner and place of taxing all the shares of National banking associations located within the State, subject only to the two restrictions, that the taxation shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such State, and that the shares of any National banking association owned by non-residents of any State shall be taxed in the city or town where the bank is located, and not elsewhere. Nothing herein shall be construed to exempt the real property of associations from either State, county, or municipal taxes, to the same extent, according to its value, as other real property is taxed."

Under section 16, we start with the proposition, that "All real property * * shall be listed and returned for taxation in the county, township, city or town in which it is situated." This declaration is universal, and if there can be an exception, it is because some other provision of the statute requires it.

The Constitution of the State, article 10, section 1, imposes upon the General Assembly the duty to " provide by law for a uniform and equal rate of assessment and taxation * * of all property, both real and personal."

This does not mean that the rate of assessment shall be

uniform and equal for all purposes throughout the State, *City of Richmond* v. *Scott*, 48 Ind. 568; but it clearly does require a uniform and equal rate throughout the locality in which the particular tax is levied; if for State purposes, then in all parts of the State alike; if for county purposes, in the entire county; and so in township, town or city, for the local purposes of each. *Lafayette, etc., R. R. Co.* v. *Geiger*, 34 Ind. 185; *Bright* v. *McCullough*, 27 Ind. 223.

The important question is involved here, whether the Legislature has power, in the manner asserted by the appellee, to exempt any real estate from taxation as such in the locality of its situation. Interpreted according to the natural meaning of its terms, this provision of the constitution would seem to give assurance to every owner or purchaser of such property in any place, that his possession should bear only its proportion of the public burdens, and that all other like property in the same jurisdiction should be taxed in the same manner and to the same extent; in other words, that the burdens and benefits of taxation should be apportioned by a uniform rule.

If, because a piece of real estate had come into the ownership of a National bank, it was exempted from taxation as such, and must be deemed to have been included in the valuation of the capital stock of the bank, then, if the bank's indebtedness exceeded the value of its property, making its stock worthless, the real estate, however valuable, must have escaped taxation entirely; or, if the depreciation of the stock were only partial, then the escape of the realty of the bank from taxation was partial, and in proportion to the depreciation of the stock. Again, if the bank had been situated in one part of the State, and the realty in another, even assuming what must have been quite improbable, that, whether assessed as land or as capital stock, the valuation would have been the same, the purposes and the rate of its taxation as capital stock must have been different from the purposes and rate of taxation where the land is located. By such a rule, valuable property in the largest city of the State might have

been transferred for taxation to the smallest town, and *vice versa;* and the burdens of taxation, not only upon the particular property transferred, but upon all other property in the localities affected, have been changed.

But, waiving the constitutional question, we proceed with the requirements of the statute.

It is difficult, and perhaps impossible, to place upon these provisions a construction which will give full and consistent force to all the expressions used. The 57th and 59th sections in terms exclude National banks. The sixth clause of section 57 reiterates the requirement of section 16, that the real estate of the banks, bankers, brokers, etc., referred to in that section, should be listed and assessed as other real estate. This section, it would seem, was intended to apply to unincorporated banks. The 59th section applies to incorporated banking and other companies, and by the sixth clause requires of each a statement of "the *assessed* valuation of all its tangible property." This would seem to imply that there should first be an assessment of the tangible property (including realty), and that the valuation placed thereon should be included in the statement which, by section 60, is required to be returned to the auditor of the county, and laid before the county board of equalization as the basis for valuing and assessing the capital stock. The value of the capital stock would necessarily include the assessed valuation of tangible property; but it does not follow that the assessment for taxation must be the same as this value; on the contrary, we think the fair implication is, that the valuation of tangible property, otherwise assessed for taxation, should be deducted from the total value placed by the board of equalization upon the stock, and the remainder should be the basis of assessment for taxation. If this is not the right conclusion, the alternative is, that banks incorporated under the law of the State, besides being assessed upon the full value of their capital stock, were required, while this law was in force, to pay taxes upon their real estate, and perhaps other "tangible property;" and, by the very terms

of the act of Congress, it was permissible to make the same exaction of National banks.

Section 62 is in terms applicable to any organized bank, whether State or National, and requires the shares of stock to be assessed to the owner thereof in the county, township, city or town where the bank is, and to be taxed at the same rate as other personal property in the same locality.

The 64th section requires of every bank or banking association contemplated by the 62d section, to " make out, in addition to other property required by this act to be listed, a statement, under oath, showing," etc. A comparison will demonstrate that the showing in reference to the valuation of the stock, and the basis for assessing the same, required by this section, is substantially different from the statement required by section 59, only in the omission of the requirement concerning tangible property ; and this difference may be well nigh removed, without violence to the language, by holding that the phrase, " in addition to the other property required by this act to be listed," is in this connection the substantial equivalent of the sixth clause of the 59th section. The two sections are, however, irreconcilable in this, that, under section 64, the statement, instead of being placed before the board of equalization, must be delivered to the county auditor, who delivers a copy to the assessor, who lists and assesses the capital stock and makes return thereof as of similar property, except that it shall be treated as personal property belonging to banks or banking associations under the name of capital stock.

It is conceded that the stock of National banks must be taxed under section 64, because excluded in terms from the other sections ; and it is suggested that the stock of banks incorporated under the laws of the State can not be taxed thereunder, because full and explicit provision for the listing and assessment of their stock is found in sections 59 and 62, and it can not be that assessments in both modes were intended. Conceding, without deciding, that this is the proper way to

cut the irresolvable knot, we do not find it material to the present discussion. By either mode or by both modes of assessment, we think it clear, upon all the provisions of the law, that the real estate belonging to banks organized under the law of the State must be assessed as such in the county, township, town, or city where it is; and if section 64 is to be considered as standing by itself, and as the sole law of the State for the assessment of the capital stock of National banks—and this is the view most favorable to the appellee—and if in itself it means that the entire property, real and personal, should be considered in estimating and assessing the capital stock, we should still reach the conclusion that the real estate of such bank was properly assessed as such. The law of Congress is paramount; and it expressly forbids discrimination in favor of the banks of the State against the National banks; and notwithstanding, therefore, the letter of the statute of the State may require the assessment of National bank stocks at their full value, without deductions for real estate, the deduction being allowed in favor of other banks, under the law of Congress it must be allowed to the National banks. The law of the State is not entirely superseded, but, to this extent, must be regarded as modified by the act of Congress.

In this view, if any wrong was done the appellee, it was in an overvaluation of its capital stock—a fact which lends no support to this action. It is alleged in the answer, however, that the value of the realty was not included in the assessment of the stock; and, if this is so, the appellee suffered no injury whatever.

We conclude that the court erred in sustaining the demurrer to the answer, and should have carried it back to the complaint and sustained it to that. Judgment reversed.

Howk, J., took no part in the consideration or decision of this cause.