THE GERMAN AMERICAN SAVINGS BANK v. THE CITY OF BURLINGTON.

1. **Taxation**: SAVINGS BANKS: CAPITAL IN UNITED STATES BONDS. The capital of a savings bank organized under chapter 60, laws of 1874, to the extent that it is invested in bonds of the United States, is not taxable.

*Appeal from Des Moines Circuit Court.*

THURSDAY, OCTOBER 21.

AT the first meeting as a board of equalization of the city council of defendant, in April, 1879, the plaintiff complained in writing that the assessor of the city had assessed against it the sum of $30,000, on account of paid up capital for the then current year, when all of its capital was invested in non-taxable bonds of the United States, and the board was asked to cancel the assessment. The application was overruled. The plaintiff appealed to the Circuit Court. On the 22d day of December, A. D. 1879, the cause was submitted on an agreed statement of facts as follows:

"1. That said bank has been organized and doing business for a period of four years and upwards, with a paid up capital of sixty thousand dollars.

"2. That the capital of said bank at its organization was paid up in full in cash.

"3. That the capital paid up was not kept separate from the deposits, but the capital, deposits and receipts from all sources were kept in a common fund.

"4. Prior to January 1st, 1879, said bank took from the common fund thirty-two thousand three hundred fifty-five and 75-100 dollars with which it purchased thirty-thousand dollars in United States Government bonds, two thousand three hundred fifty-five and 75-100 dollars being paid as a premium thereon, and said sum was so invested at said date and has been ever since. The said investment was considered and treated by the officers of the bank as a part of the paid up capital."

Thereupon the court found the assessment to be erroneous and illegal, and that the amount of personal property with which the plaintiff was legally chargeable for the purpose of taxation was $14,000, and caused an order and decree to be entered fixing the value of the personal property upon which plaintiff shall pay taxes at $14,000. The remainder of the assessment was canceled, and the collection of any tax thereon enjoined. The defendant appeals.

*C. L. Poor*, for appellant.

*John C. Power*, for appellee.

Day, J.—I. The plaintiff is organized under the provisions of chapter 60, laws of Fifteenth General Assembly. Section 28 of this act is as follows: "The paid up capital of all savings banks organized and doing business under this act shall be subject to the same rates of taxation, and rules of valuation, as other taxable property by the revenue laws of the State, which taxes shall be levied on and paid by the banks, and not the individual stockholders, and the general assembly shall never impose any greater tax upon property employed in banking under this act than is, or

*Margin note: 1. TAXATION: savings bank: capital in United States bonds.*

may be, imposed upon the property of individuals. The franchise of all such banks, the savings and funds deposited therein, and mortgages and other securities wherein the same are invested, are not to be taxed, but are expressly exempted therefrom, and may be omitted from assessments of the bank required by the revenue laws of this State."

Section 9 of the act aforesaid is as follows: "It shall be lawful for the directors or trustees of any such savings bank to invest the funds or capital belonging to said bank, and all moneys deposited therein, and all the gains and profits thereof, only as follows, to-wit: *First.* In the stocks or bonds or interest bearing notes, or certificates, of the United States. *Second.* In the stocks or bonds, or evidences of debt, bearing interest, of this State. *Third.* In the stocks, bonds or warrants of any city, town, county, village, or school-district of this State, issued pursuant to the authority of any law of this State, but not exceeding twenty-five per cent of the assets of the bank shall consist of town, village or school-district bonds or warrants. *Fourth.* In notes or bonds secured by mortgage or deed of trust upon unincumbered real estate in this State, worth at least twice the amount loaned thereon. *Fifth.* It shall be lawful for said banks to discount, sell, and make loans upon commercial paper, notes, bills of exchange, drafts or any other personal or public security; but said banks shall not purchase, hold, or make loans upon the shares of its capital stock."

The question now presented is whether the portion of plaintiff's paid up capital stock which is invested in United States Government bonds is subject to taxation? This question has been finally settled by the Supreme Court of the United States in *Bank of Commerce v. New York City*, 2 Black, 620, and the *Bank Tax Case*, 2 Wall., 200. The first of the above cases was as follows: In 1857 a statute of the State of New York was passed, which enacted that the capital stock of the banks of the State should be "assessed at its actual value, and taxed in the same manner as other personal and real estate of the country."

The Bank of Commerce rendered its statement according to law to the tax commisioners, on which they were to fix the valuation of property on which the taxation of the bank was to be made. It appeared that the whole capital of the bank was $9,148,480.00, of which $8,756,265.17 were invested in stocks, bonds and securities of the United States, which the bank claimed to be exempt from taxation. The tax commissioners reported the bank as subject to assessment and taxation for the value of its stock, without regard to its being in-vested in the public debt of the United States, stating that the assessment was not upon the public debt, but upon the bank capital. A *certiorari* was issued and the facts were brought before the Supreme Court of New York, which held that as to the public debt held by the bank prior to the act of Congress of February 25, 1862, the bank was liable to taxation, and that as to the debt contracted after that date the bank was not liable. The bank appealed to the Court of Appeals, which affirmed the judgment of the Supreme Court. Thereupon, a writ of error was brought to the Supreme Court of the United States, where it was held, upon the authority of *Weston v. The City of Charleston*, 2 Peters, 449, that the bank was not liable for any of its capital invested in the stocks, bonds and securities of the United States.

Just after this decision the legislature of New York passed another statute, which enacted that "All banks, banking associations, etc., shall be liable to taxation on a valuation equal to the amount of their capital stock paid in or secured to be paid in, and their surplus earnings, etc., in the manner now provided by law."

In the *Bank Tax Case, supra*, it was held that this law simply made a change in the mode of ascertaining or fixing the amount of capital of the banks to be made the basis of taxation, and that when the capital consisted of stocks of the Federal government the tax was invalid.

The appellant relies upon the case of the *Provident Institution v. Massachusetts*, 6 Wall., 611. A statute of Mas-

sachusetts provides that every institution for savings incor-
porated under the law of that commonwealth should pay to
the commonwealth "A tax, on account of its depositors, of one-
half of one per cent per annum on the amount of its deposits,
to be assessed, one-half of said annual tax on the average
amount of its deposits for the six months preceding the first
day of May, and the other on the average amount of its depos-
its for the six months preceding the first day of November."
It was held, three of the judges dissenting, that this law
imposed a tax upon the franchise, and not upon the property
of the bank, and was, therefore, valid, notwithstanding the
fact that a portion of the deposits was invested in Federal
securities. To the same effect is the *Society for Savings v.
Caite*, 6 Wall., 594.

The tax in question in this case cannot be sustained as a
tax upon the franchise of the bank, for section 28 of the act
in question expressly provides that the franchise of the banks
organized under it shall not be taxed.

It is urged, however, that if it shall be held that the assess-
ment in question is an assessment on the capital of the bank,
it follows that the banks cannot be taxed at all upon their
capital stock. It is said that the mortgages and other secur-
ities, of whatever kind they may be, are exempt from taxa-
tion, and that, if the capital invested in Federal securities
cannot be taxed, it follows that the capital invested in other
securities cannot be taxed. This argument is based upon the
latter part of section 28, which is as follows: "The franchise
of all such banks, the savings and funds deposited therein,
and the mortgages and other securities wherein the same are
invested, are not to be taxed, but are expressly exempted
therefrom, and may be omitted from assessments of the bank
required by the revenue laws of this State."

Considering the whole section together, it is evident, we
think, that this part of the section refers to the mortgages
and other securities in which the savings and deposits are in-
vested. Both the savings and deposits, and the mortgages

and other securities in which they are invested, are exempt from taxation.

II. The appellant claims that in any event the court erred in reducing the amount of assessment to $14,000. It is claimed that no facts were admitted which would justify the reduction of the assessment below $28,000, the amount of paid up capital stock which it is conceded was not invested in Federal securities. It is evident from the case as presented that the assessment was made upon a valuation of fifty cents upon the dollar, otherwise upon the theory of the appellant the original assessment should have been sixty instead of thirty thousand dollars. The plaintiff alone complained of this assessment, and the complaint was based upon the ground that $32,000 of the capital stock invested in United States bonds was illegally included in the assessment. From the action of the board of equalization refusing to cancel the assessment the plaintiff appealed. The appeal presented no question as to the valuation of the stock. The only question presented was whether the plaintiff was taxable upon its capital stock invested in Federal securities. The appeal conferred upon the Circuit Court no authority to increase the valuation of the property upon which plaintiff was properly taxable. See *The appeal of the Des Moines Water Company*, 48 Iowa, 324. This disposition of the case renders a consideration of the motion to dismiss the appeal unnecessary. The judgment is

AFFIRMED.