DAVENPORT NAT. BANK *v.* MITTELBUSCHER, Collector, etc., and another.

*(Circuit Court, S. D. Iowa.  January, 1883.)*

1. TAXATION—STOCK OF SAVINGS BANKS.

   Whether the law of Iowa exempts from taxation the shares of the capital stock of savings banks, not decided.

2. STATE STATUTES—CONSTRUCTION OF—PROVINCE OF STATE SUPREME COURT.

   It is the peculiar province of the supreme court of the state to determine the meaning of the statutes of such state, and with such determination courts of the United States will hesitate to place upon a state statute any construction which will bring such statute in conflict with a statute of the United States, and therefore render it void.

3. SAME—REVENUE LAWS—CONSTRUCTION—RULE OF.

   In the construction of revenue laws, if property, which by a previous general statute is declared liable to taxation, is to be exempted under a later act from bearing its proportion of the public burden, the exemption must rest upon some clear and unequivocal provision of the statute.

In Equity.  On final hearing.

*A. J. Hirschl,* for complainant.

*Nath. French,* for defendants.

McCRARY, J.  The complainant is a national bank located in the city of Davenport, Iowa.  The defendant Mittelbuscher, as tax-collector for said city, has demanded of complainant $1,631 as tax levied by said city upon the shares of the capital stock of the bank. The complainant alleges that said tax is an illegal charge against it, and that the same is null and void, because the statutes under which the same was levied are contrary to section 5219 of the Revised Statutes of the United States, which provides that shares of national banking associations shall "not be taxed at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens."

It is alleged that under the statutes of Iowa the shares of stock in savings banks are exempt from taxation, while those in national banks are subject thereto, whereby the latter class of property is taxed at a greater rate than the former.  Complainant alleges a willingness to be taxed the same as savings banks, and as a reason for not tendering any sum as the tax legally due, it says that if assessed or taxed under the statute of Iowa, under which savings banks are taxed, it would have nothing at all to pay as city tax for 1882, because all its capital stock and all its surplus are now and were during the whole of the years 1881 and 1882, and long prior

thereto, invested in non-taxable bonds of the United States government, and because, furthermore, its other personal property, to-wit, moneys and credits, are not, and were not during said period, equal to the average amount of debts by it owing.

Counsel have argued very fully the following questions:

(1) Does the law of Iowa exempt from taxation the stock of savings banks? (2) If so, is such law void as being in conflict with section 5219, Revised Statutes of the United States? (3) Does it appear from the pleadings and proof that complainant is not liable to pay any tax whatever to the city of Davenport for the year 1882?

1. Are the shares of the capital stock of savings banks exempt from taxation?

The general provision of the statute of Iowa is very broad and sweeping. It is found in section 813 of the Code of 1873, and declares that "depreciated bank notes and the stock of corporations and companies shall be assessed at their cash value."

In *Cook* v. *Burlington*, 13 N. W. Rep. 113, it was held by the supreme court of Iowa that the legislature has the power to impose a tax on the shares of stock of a corporation, in addition to a tax on the property of the corporation.

That the general provision would, if it stood alone, apply to and dispose of this case is very clear; but the question of difficulty arises upon the construction of section 28 of the act to authorize the organization of savings banks in the state, which is as follows:

"The paid-up capital of all savings banks, organized and doing business under this act, shall be subject to the same rates of taxation and rules of valuation as other taxable property, by the revenue laws of the state, which taxes shall be levied on and paid by the banks, and not the individual stockholders, and the general assembly shall never impose any greater tax upon property employed in banking under this act than is or may be imposed upon the property of individuals. The franchise of all such banks, the savings and funds deposited therein, and the mortgages and other securities, wherever the same are invested, are not to be taxed, but are expressly exempted therefrom, and may be omitted from assessments of the banks, required by the revenue laws of this state." See McClain's Code, 319.

Does this section, construed in connection with the previous law, exempt the shares in saving banks from taxation? It provides in the first clause that the paid-up capital of savings banks shall be subject to taxation as other taxable property, and that the tax shall be levied upon the banks, and not upon the individual stockholders. Under this provision we suppose the bank is to be taxed upon the capital actually paid in by the stockholders; that is to say, upon the

money which, as a corporation, it actually receives from its stockholders and employs in its business. This is a very reasonable provision, since, to all intents and purposes, the money so paid in is the money of the corporation. Does it necessarily follow that the stockholders are not liable for any taxation upon their stock? Suppose the stock is not full paid, as, for example, that only 50 per cent. is paid in, and that the stock is worth par, would it be contended in such a case that the stockholder would be liable for no tax? If so, one-half of the actual value of the property would escape taxation altogether. Or suppose it is full-paid stock, and worth in the hands of the stockholders 50 per cent. above its par value, would not the stockholders be liable to be taxed upon the excess of the value over and above the par value? It seems probable that this statute and the general provision above quoted, being construed together, ought to be held to require the stockholder to pay taxes upon his shares of stock, at least to the extent that there is no taxation upon the same against the bank. The section in the second clause provides that the property employed in savings banks shall not be taxed to any greater extent than is or may be imposed upon the property of individuals. The third clause exempts from taxation "the franchise of all such banks, the savings and funds deposited therein, and the mortgages and other securities, wherever the same are invested." This clause evidently does not refer to shares of the capital stock, but (1) to the franchise; (2) the deposits; and (3) to the securities in which the capital is invested. A tax upon the capital paid in is substituted for a tax upon these.

The supreme court of Iowa has never placed a construction upon this section. It is the peculiar province of that court to determine the meaning of the statutes of the state. Until it shall construe the statute as exempting the shares of stock in savings banks altogether from taxation, we are disposed to hold that it does not do so, especially since to give it the construction contended for would, to say the least, raise a serious question as to its validity. The courts of the United States are very reluctant to place upon a state statute any construction which will bring it into conflict with a statute of the United States, and therefore render it void.

We understand that this question is now before the courts of the state, and we are therefore content to await the authoritative decision of the supreme court of the state. When that tribunal has construed the statute we will abide by its construction, and if it be such as to bring the law of the state into irreconcilable conflict with section

5219 of the Revised Statutes of the United States, it will be our duty to declare it void. But if it be held that savings banks are subject to taxation the same as other corporations organized under the laws of Iowa, except to the extent that the property of such banks is expressly exempted, and that therefore the stock is not exempt, but may be taxed in the hands of the stockholders according to its cash value, then, of course, the statute will stand as in substantial harmony with the national bank act.

It is now well settled that the shares of stock of corporations generally, in Iowa, are subject to taxation. *Cook* v. *Burlington, supra.* If the stock of savings banks is exempted at all, it must be by the provisions of the section above quoted. As we have seen, it is not clear that such is the effect of that section. It is a sound and well-settled rule for the construction of revenue laws that "if property, which by a previous general statute is declared liable to taxation, is to be exempted under a later act from bearing its proportion of the public burden, the exemption must rest upon some clear and uneqivocal provision of the statute.

2. The construction reached upon the first question renders it unnecessary for the present, at least, for this court to consider the second.

3. Nor is it necessary to determine the third question discussed by counsel. It may, however, be observed that, in our opinion, the proof fails to show that all the capital stock, and all the surplus assets of complainant, is and has been invested as alleged in non-taxable bonds of the United States. If the case of the complainant were otherwise made out, it would be necessary to refer the question here suggested to a master for proof. The order is that there be a decree for respondents for costs, and dismissing the bill.

---

A former Iowa statute, of which the present is almost a literal copy, was construed to exempt state bank shares from taxation. See *Hubbard* v. *Sup'rs*, 23 Iowa, 130. The saving banks capital invested in government bonds is not taxable. *G. A. S. B.* v. *Burlington,* 54 Iowa, 609; [S. C. 7 N. W. Rep. 105.] These banks have power to "discount, purchase, sell, and make loans upon commercial paper, notes, bills of exchange, drafts, or any other personal or public security." Fifteenth General Assembly of Iowa, *c.* 60, § 9, (5.) Section 5219, Rev. St., dates from 1868, and upon the point as to whether it differs from the act of 1864, and whether it prevents discrimination in taxation between national and state banks, there has been but one direct decision, and that holds that such discrimination is prevented. See *City N. B.* v. *Paducah,* U. S. C. C. Kentucky, 5 C. L. J. 347, and in Thompson, N. B. Cases, 300. To same effect is *Pollard* v. *Zuber,* 65 Ala. 635. Other

cases cited were *People* v. *Weaver*, 100 U. S. 545; *Adams* v. *Mayor*, 95 U. S. 22; *Pelton* v. *Com. N. B.* 101 U. S. 539; *First Nat. Bank* v. *Waters*, 7 FED. REP. 156; *Evansville Nat. Bank* v. *Britton*, 8 FED. REP. 870; *Sup'rs* v. *Stanley*, and other cases, U. S. S. C. 1882, 25 Alb. Law J. 443. ·

Defendants relied upon several of the above-named cases, and upon *Lionberger* v. *Rouse*, 9 Wall. 473; *McLaughlin* v. *Chadwell*, 7 Heisk. (Tenn.) 397; *City of Richmond* v. *Scott*, 48 Ind. 571; *Stratton* v. *Collins*, N. J. 1882, Reporter of May 3d; *People* v. *Com'rs*, 4 Wall. 256; *Hepburn* v. *School Directors,* 23 Wall. 480; *Adams* v. *Mayor*, 95 U. S. 19.

See *Frazer* v. *Siebern*, 16 Ohio St. 625.

The point was also made, though not mentioned in the opinion, that a discrimination in taxation between the national and the savings banks shares was repugnant to the fourteenth amendment of the United States constitution, according to *Railroad Tax Cases*, (California,) 13 FED. REP. 722.

A. J. H.