CAMPBELL v. THE CITY OF CENTERVILLE.

1. **Taxation:** BANKING CAPITAL: DEDUCTIONS Where a banker's capital consisted of $50,000, made up of $25,000 United States bonds and $10,000 United States treasury notes, which were not taxable under the laws of the United States, and $2,000 of real estate, which was taxed as such, *held* that, in order to ascertain the amount at which his capital should be assessed, said sums should all be deducted from the $50,000, and also the excess of his deposits and bills payable over his cash and bills receivable.

*Appeal from Appanoose Circuit Court.*

THURSDAY, OCTOBER 7.

THE board for the equalization of taxes for the city of Centerville, in proper proceedings, increased the assessment of plaintiff from $5,000 to $15,000. Upon an appeal to the circuit court his assessment was fixed at $9,750, and a judgment rendered to that effect. The defendant appeals.

*Vermilion & Evans*, for appellant.

*Tannehill & Fee*, for appellee.

BECK, J.—The plaintiff is a banker, and the contention in the case involves the assessment of plaintiff's property employed in the banking business. He shows by his own testimony, and there is nothing contradicting his statements, that his capital employed in banking amounts to $50,000. This sum was made up of $25,000 in bonds of the United States, $10,000 United States treasury notes, and real estate, $2,000, taxed as such. From the $50,000 these other sums must be deducted, as the bonds and treasury notes are not taxable, leaving $13,000 taxable capital. His deposits and bills payable seem to have exceeded his cash and bills receivable in a sum exceeding $3,000, which should be deducted from the moneys and credits, leaving

something less than $10,000 for which he was taxable in connection with the banking business. The circuit court found this sum to be $9,750. The evidence sufficiently supports the conclusion of the court. At least, it is not so without the support of the evidence that we are required to interfere, the case not being triable here *de novo*. This view disposes of the case, and renders the consideration of some questions discussed by counsel unnecessary.

The judgment of the circuit court is

AFFIRMED.