THE EQUITABLE LIFE INSURANCE COMPANY v. THE BOARD OF EQUALIZATION OF THE CITY OF DES MOINES.

Life Insurance Company: TAXATION OF MONEYS AND CREDITS: WHAT TO BE DEDUCTED AS INDEBTEDNESS. So much of the assets of a life insurance company as consists of securities for loans, notes taken for premiums, municipal bonds and warrants, and cash and cash items, is taxable as money and credits; but, in listing such money and credits for taxation, the debts of the company should be deducted; and among such debts are (1) the debt of the company to its stockholders,—being the amount which the stockholders would be entitled to receive upon a present distribution of the money and credits of the corporation; and (2) the amount which it owes to its policy-holders, and that is equal to and represented by the reserve fund which the statutes of the state require to be kept. Accordingly, where, as in this case, the amount of such debts exceeds the amount of money and credits, the company is not taxable at all on account of money and credits.

The Equitable Life Ins. Co. v. Bd. of Equalization of Des Moines.

*Appeal from Polk Circuit Court.*

FILED, MARCH 10, 1888.

THE proper assessor of the city of Des Moines assessed plaintiff for the year 1885 on moneys and credits in the sum of two hundred and forty-six thousand dollars, and, on appeal by the plaintiff, the board of equalization reduced this assessment to fifty thousand dollars. From this action both appeal. The plaintiff, first perfecting its appeal, is designated as appellant.

*St. John & Whisenand, J. S. Polk* and *George G. Wright,* for appellant.

*J. H. Detrick, Baylies & Baylies* and *Hugh Brennan,* for appellee.

BECK, J.—I. An opinion was at a former term filed in this case, affirming the judgment on plaintiff's appeal and reversing it on defendant's. A petition for rehearing was filed by plaintiff, and the cause was again submitted on oral and printed arguments of the counsel of the respective parties. These arguments were exhaustive and protracted, exhibiting marked ability on the part of counsel. We will be permitted to say that the very character of the arguments discussing the case, which we have indicated, led counsel to the consideration of many doctrines collateral to those involved in this case, and the consideration of decisions of other cases similar to this only in the fact that they involve questions pertaining to taxation. The extended discussion of these collateral questions served only to confuse and lead the mind away from the controlling questions of this case. In this regard the able and exhaustive argument of counsel imposed a burden upon us under which we stumbled. Judicial experience demonstrates that in the consideration of legal questions the mind is more surely led to correct conclusions when guided in the path marked out by the real questions in controversy, than when it is conducted into

by-paths of collateral matters.    These remarks are not
intended as a reproof to counsel or as a justification of
ourselves, but as suggestions intended to direct atten-
tion to a matter of interest to the profession.

II.    The circuit court found that the plaintiff, a life
insurance company organized under the laws of this
state, had assets, consisting of securities for loans,
notes taken for premiums, municipal bonds and war-
rants, cash and cash items, of the value of $485,314.
We think this is correct; approximately correct at
least.    It is not important that we determine the
amount with greater accuracy, in view of the conclusion
we reach as to the legal questions.    Any possible dif-
ference between this and the true amount of the assets
would not lead to a different judgment in this case.    It
may be here remarked that no question arises as to
assessments upon real estate or property, other than
money and credits owned by plaintiff, which is taxed
separately from the assets above enumerated.

III.    We are now to inquire to what class these
assets belong.    When considered as the subject of taxa-
tion, all property, personal and real, is subject to be
listed for purposes of taxation, except such as is spe-
cifically exempted by statute.    Code, sec. 823.    The
assets in question are personal property, and are not
specifically exempted from taxation.    They are subject
to taxation as belonging to the class of moneys and
credits.    Code, secs. 801, 802.    This is not disputed.

IV.    Code, section 814, provides that, "in making
up the amount of money or credits which any person is
required to list or have listed and assessed, he will be
entitled to deduct from the gross amount all debts in
good faith owing by him.    *   *   *"    We will now
inquire whether these assets of plaintiff, taxable as
moneys and credits, are subject to diminution, when
listed, by deducting therefrom *bona-fide* debts shown to
be owed by plaintiff.    We must first determine what is
meant by the word "debt."    Webster defines it as
"that which is due from one person to another,

whether money, goods or services; that which one person is bound to pay to another, or to perform for his benefit; that of which payment is liable to be exacted; due; obligation; liability." Blackstone (bk. 3, p. 154) defines the word as meaning "a sum of money due by certain and express agreement; as, a bond for a determinate sum; a bill or note; a special bargain." Bouvier says that in an enlarged sense "it denotes any kind of just demand." The word "due", used in these definitions and elsewhere, means "owed", and not payable *eo instanti*, but payable now or hereafter. Does plaintiff owe debts which the law requires to be deducted from its money and credits in listing the same for taxation? Before replying to this question, we must consider the character of the plaintiff, and the duties and obligations it owes to others. It is a corporation, an artificial person created to discharge specified functions, and perform and discharge specific duties and obligations. It is created to hold and acquire money and property for the profit and advantage of its stockholders. Such property it holds as a trustee; the *cestuis qui trust* being its stockholders. The legal title of all property belonging to the corporation is in it. The equitable interest, the right to the profits and acquisition of the property, belongs to the stockholders. When they pay in their money on the capital of the corporation, they part with the title to the money, and receive in its place a claim as *cestuis qui trust* upon the corporation for all profits made by it in managing the capital, and the right to have returned when the corporation is wound up the money paid in by them as its capital. Precisely the same rights arise in the case of profits in the use of the capital by the corporation, or acquisitions to its property from any other source. This right and claim of the stockholders is a property right; is certain and determinate. The value of the right may be contingent and uncertain, but it is none the less a right to receive money from the corporation. Here is a claim by the stockholders for which the corporation is liable. It is not now mature, but will

become payable in the future. The amount which the stockholders will receive may not now be certainly determined. What they would receive were the claim now payable could be accurately determined. The corporation being bound to pay the stockholders, its obligation so to do creates a debt according to the definitions above given. It should, therefore, be deducted from the amount of the money and credits in listing the same for taxation. It will be readily seen that these views apply equally to payments made by the stockholder and money received by the corporation from other sources. In each the stockholder has the same interest, and the corporation is bound to pay him on account of each. It will also be readily seen that these rules would prevail in the case of money in the hands of a trustee, in the absence of the statute to the contrary. But Code, section 803, provides that a trustee shall list for the beneficiary the trust property held by him.

V. Code, sections 813, 821, paragraph two, provide for the taxation of stock of a corporation to the stockholders, being assessed at its cash value. Under these provisions the stockholder pays taxes upon his interest in the corporation property, for of course the value of the stock will be fixed by the property held by th corporation. This surely is the case so far as money is concerned. If the plaintiff has a large surplus of money on hand, it of course affects the value of its stock. It will be discovered that upon these considerations the interest of the stockholders in the property of the corporation is taxed through the stock which represents that interest. It may be said that the property of the corporation may escape equal taxation if the law be as we have stated. Not so if the law can be properly administered. But if this objection be well founded on fact, the courts cannot refuse to enforce the statutes according to their plain provisions. The law is so written, and must be obeyed. Equal taxation should prevail, and to attain that end courts should labor, but not by misinterpretation of statutes. Absolutely equal

taxation is not attainable. The best the law can do is to approximate to it. There is no ground to hold that our conclusions will fail to secure approximately equal taxation, so far as moneys and credits of corporations are concerned. It will be understood that these views do not apply to real estate and other property for which taxation is specifically provided, but extends only to money and credits of corporations. They are in harmony with prior decisions of this court. See *Hubbard v. Supervisors of Johnson County*, 23 Iowa, 130 ; *Morseman v. Younkin*, 27 Iowa, 353 ; *Des Moines Water Co.'s Appeal*, 48 Iowa, 324 ; *Cook v. City of Burlington*, 59 Iowa, 251.

VI. It may be here remarked that the plaintiff held what is called a surplus, the amount of which does not clearly appear. It is not important that the precise amount should be determined. Whatever it be, it goes to increase the value of the stock, and is reached through the stock for taxation. Our conclusion is that the amount owing the stockholders, in the sense of the expression which accords with what we have said,— that is, the amount which the stockholders would be entitled to receive upon a present distribution of the money and credits of the corporation—should be deducted from such moneys and credits in listing them for taxation.

VII. The policies issued by plaintiff upon the lives of their customers have a fixed value, which may be determined by rules recognized in the business of life insurance. Each policy-holder has a claim upon the plaintiff for the value of his policy. It may be a claim dependent upon the continuation of the life of the policy. The policies issued by plaintiff are not forfeited by failure to pay the annual premiums, after two payments, but a paid-up policy is issued for an amount fixed by the terms of the policy. It will be discovered from this statement that the company's liability is not contingent, but as certain as that the assured will die. We need not inquire as to the extent of that liability. It is fixed by what is called the reserved fund required

to be kept by the statutes of the state.   Code, sec. 1169. The amount of the reserved fund is determined under the provisions of this section and rules prevailing in the business of life insurance.   We need not inquire as to the amount of this fund held by plaintiff.   We do not understand that there is any dispute in regard thereto. It is plain that the legislature enacted this statute to secure to the policy-holders the performance of the obligation to pay the amount secured by the policy. This statute, therefore, recognizes the existence of a debt from the company to the policy-holders, and provides for securing its payment through this reserved fund.   To us it seems plain that the plaintiff is indebted to each of its policy-holders, and the aggregate amount of such indebtedness equals this reserved fund, which should be deducted from plaintiff's money and credits in listing the same for taxation.   In support of our views, see *Alabama Gold Life Ins. Co. v. Lott*, 54 Ala. 499. Numerous cases cited by counsel on both sides, in our opinion, are not applicable to this case, being fire insurance cases, or decided under statutes unlike our own. The amount of plaintiff's indebtedness to its stockholders and policy-holders exceeds the amounts of its moneys and credits.

We have given the case protracted and careful consideration, and reach the satisfactory conclusion that plaintiff is not subject at all to be taxed upon its money and credits, as they are more than balanced by its debts.   The judgment of the circuit court on plaintiff's appeal is reversed.   On defendant's appeal it is

AFFIRMED.