MECHANICS' SAVINGS BANK *vs.* DANIEL L. D. GRANGER, City Treasurer of the City of Providence.

In Rhode Island a savings bank is not taxable for its reserved profits.  Such profits must be taxed as the property of the depositors.

When a savings bank had been taxed for its reserved profits, had paid the tax under protest, and had made no return of its taxable estate,

*Held,* that it could maintain an action to recover the tax paid on its reserved profits.  The matter was one of void taxation, not of over-taxation.

ASSUMPSIT.  Heard by the court on an agreed statement of facts, jury trial being waived.

*July* 5, 1890.   DURFEE, C. J.   The action is brought to recover back the sum of $7,109.63 paid by the plaintiff bank to the defendant, as collector of taxes of the city of Providence, under protest, said sum being the amount of a tax assessed against it by the city assessors at their last assessment.   The bank is a savings bank incorporated to receive deposits of money, which it is required to use and improve to the best advantage, dividing the profits among the depositors in just proportion, with such reasonable deductions as the management of its affairs may require, the principal of the deposits with the accrued dividends thereon being subject to withdrawal by the depositors at such times and in such manner as the bank may direct.   The general management is conferred on a board of trustees, who, the treasurer excepted, are required to serve without compensation, and who may at any time, by vote of a majority of their whole number, " divide the whole property among the depositors in proportion to their respective interests therein, upon giving three months' notice thereof."   Said tax was assessed on personal estate in the keeping of the bank to the amount of $457,800, consisting wholly of reserved profits.   The claim of the bank is that, under its charter, said reserved profits belong to the depositors and are taxable to them, not to the bank.   The claim of the city is, that said reserved profits are the personal estate of the bank, and are taxable to it as such, the depositors having no interest in it.

We consider it settled by the carefully considered decision of this court in *The American Bank* v. *Mumford*, 4 R. I. 478, that the plaintiff bank is not taxable for said reserved profits if they belong, as matter of law, to the depositors.   The plaintiff bank in that case was a bank of discount and circulation, and the court held that the reserved profits, or surplus earnings, belonged to the stockholders, and were taxable only to them.   The act of January, A. D. 1855, under which the case was decided, does not differ, in any particular material to the question, from the statute now in force. In *The Providence Institution for Savings* v. *Gardiner*, 4 R. I. 484, the court held that a savings bank was not taxable for bank stocks in which it had invested its deposits for income, the stocks representing the deposits, which were taxable to the depositors in the towns where they resided.   The case is decisive of the case at

bar, unless there is a distinction in respect of ownership between the reserved profits and the deposits. It seems to us that the same reasons that led the court to hold in *The American Bank* v. *Mumford, supra,* that the reserved profits of a bank of discount belong to its stockholders, would likewise lead to the conclusion that the reserved profits of a savings bank belong to its depositors. The reserved profits are a part of the earnings of the deposits, reserved for the purpose of facilitating the management of the bank's affairs, and of imparting greater steadiness and security to its operations in periods of financial depression and disaster. There is no way in which the ownership of them can pass from the depositors to the bank under its charter by reason of such reservation. It is true that the depositor, when he withdraws his deposits, cannot draw upon the reserve for his part, but he gets the benefit of it in the safety of his deposit, in an increase of dividends, and in freedom from fluctuations in the receipt of them. That he cannot withdraw any part of the reserve, when he withdraws his deposit, is owing to the terms under which, by force of the charter and by-laws, his deposits are given and received. The board of trustees may, however, as we have seen, vote to divide " the whole property among the depositors in proportion to their respective interests therein." In case of such a vote the then depositors would get their proportionate shares of the reserve, if any there were after repayment of their deposits in full, and neither bank nor trustee could retain a cent. This provision in itself shows conclusively that, in contemplation of law, the reserved profits belong to the depositors, not to the bank. And in further support of this view we refer to the reasonings of the courts in the following cases cited for the plaintiff: *Savings Bank* v. *Nashua,* 46 N. H. 389; *Huntington* v. *Savings Bank,* 96 U. S. 388; *Commissioners of Rice Co.* v. *Citizens' Nat. Bank,* 23 Minn. 280.

The defendant contends that the plaintiff bank cannot maintain this action because, as is admitted, it did not make any return of its ratable property to the assessors, and the statute provides that whoever neglects to make such return shall have no remedy if overtaxed. Pub. Stat. R. I. cap. 43, §§ 6, 7. The same defence was set up in *The American Bank* v. *Mumford, supra,* but in that case the court decided that, inasmuch as the bank was not liable

to taxation for personal estate, the case was one, not of over-taxation merely, but of void taxation, and that the action would lie. For the same reason the defence cannot here prevail.

*Judgment for plaintiff for the amount of its claim.*

*Stephen A. Cooke, Jun.,* & *Louis L. Angell,* for plaintiff.

*Nicholas Van Slyck,* City Solicitor, & *Cyrus M. Van Slyck,* Assistant City Solicitor, for defendant.