[The following three opinions were retained in the Clerk's office, so that they did not come into my hands for insertion, in their chronological order.— REPORTER.]

THE IOWA STATE SAVINGS BANK v. THE CITY COUNCIL OF THE CITY OF BURLINGTON, *et al.*, Appellants.

**Taxation:** BANKS. Surplus moneys and credits of a savings bank not set apart for the use of the stockholders, are taxable as a part of "the paid up capital," under Acts of the Fifteenth General Assembly, chapter 60, section 28, providing that "the paid up capital of all savings banks" shall be subject to taxation.

*Appeal from Des Moines District Court.*—HON. JAMES D. SMYTHE, Judge.

WEDNESDAY, JANUARY 16, 1895.

THIS was a proceeding instituted before the city council of the city of Burlington, acting as a board of equalization, for the correction of an assessment. The board of equalization refused the relief asked, and the plaintiff appealed to the district court. That court, after a hearing upon the merits, set aside and canceled the assessment, and from that action the defendants, the city of Burlington, the city council, and the members thereof, the county auditor, and the county treasurer, appeal.—*Reversed.*

*Seerley & Clark* and *Geo. S. Tracy* for appellants.

*Power, Huston & Power* for appellee.
VOL. 98 Ia—47

ROBINSON, J.—The plaintiff is a corporation, organized as a savings bank, under the laws of this state, with a paid up capital of one hundred thousand dollars. In January, 1892, plaintiff had in its possession, set apart as and for the capital stock of the bank, the sum of one hundred thousand dollars, in legal tender notes of the United States. In addition, it had a surplus of one hundred and twelve thousand, three hundred and thirty-one dollars and thirty-nine cents, which represented the undistributed profits of the business. Of that amount, forty-eight thousand, three hundred and thirteen dollars and ninety-three cents were invested in real estate. The plaintiff was assessed for moneys and credits in the sum of sixty thousand dollars. It is not claimed that the portion of the surplus invested in real estate was properly assessable in the manner attempted, but it is insisted that the remainder, amounting to sixty-four thousand, seventeen dollars and forty-six cents, was subject to assessment as the property of the plaintiff; and the question we are required to determine is, how should the surplus moneys and credits of a savings bank be taxed? The appellant contends that such a surplus is the property of the stockholders, and the thought seems to be that although the bank has possession of and the legal title to, the surplus, yet its value is balanced by the obligation to distribute it, and hence that, under section 1291 of McClain's Code, nothing remains to assess on account of it. That section provides that, "in making up the amount of money or credit, which any person is required to list or have listed or assessed, he will be entitled to deduct from the gross amount, all debts in good faith owing by him." It was held in *Equitable Life Insurance Co. v. Board of Equalization of Des Moines*, 74 Iowa, 179 (37 N. W. Rep. 141), that each stockholder of a corporation

has an interest in the property to which it holds title, which represents an obligation or debt of the corporation to the stockholder, and that the rule applies not only to money paid as a part of the capital stock, but to profits also; and it was said that the surplus goes to increase the value of the stock, and is reached, through the stock, for taxation. It was therefore held that the amount which the stockholders would be entitled to receive upon a present distribution of the money and credits of the corporation, should be deducted from its moneys and credits in listing them for taxation. The corporation under consideration in that case was a life insurance company, the capital of which was taxable to the shareholders. But savings banks are governed by a different rule, contained in section 28, of chapter 60, of the acts of the Fifteenth General Assembly. It is as follows: "The paid-up capital of all savings banks organized and doing business under this act shall be subject to the same rates of taxation and rules of valuation as other taxable property, by the revenue laws of the state, which taxes shall be levied on and paid by the banks, and not the individual stockholders. * * *" In order to ascertain the legislative intent, it is necessary to determine what is meant by the words "paid up capital," as used in the part of the act we have quoted. The word "capital," as applied to the money of a corporation, may refer to the money paid in by the stockholders for the use of the corporation, and commonly known as the capital stock; but, in a wider and more popular sense, it includes all the money and other property of the corporation used in transacting its business. So long as the profits are not withdrawn from the business, they constitute a part of the capital. The distinction between the capital and surplus, so long as both are used in carrying on the business, is theoretical, merely, and is largely a matter of bookkeeping. Until set

apart for the use of stockholders, profits of a savings bank are practically a part of the working capital of the corporation, and may be and are used by it in its ordinary business transactions, and may be taken for the corporate debt. Until set apart for his use, the individual stockholder has no control of the profits, nor of any part thereof, and his interest in them is ascertained from his shares of stock. While the profits are treated by the corporation and the stockholders as a part of the corporate capital, we think they should be assessed as capital. There is as much reason for taxing the undivided profits of a savings bank, to the bank, as there is for so taxing to it other parts of its capital. It is true the words "paid up" are used in the statute in connection with "capital"; but we are of the opinion that they were so used to distinguish the capital which has come into the actual possession of the bank, from that subscribed, but not paid, and that they do not refer to the mode by which the capital was obtained. Our conclusion is that, so long as the profits are used as a part of . the working capital of the bank, and are not set apart for the use of the individual stockholders, they should be treated as a part of the paid up capital of the bank, and taxed to it. This is in harmony with the case of *Equitable Life Insurance Co. v. Board of Equalization of Des Moines*, 74 Iowa, 179 (37 N. W. Rep. 141), which held that profits should be considered in estimating the value of the stock. The fact that the bank may be liable for the payment of the profits to the stockholders is not material, for it is liable in the same manner for all the property which it holds, subject to the rights of creditors. See *People v. Board of Assessors*, 76 N. Y. 203; *Sun Mutual Insurance Co. v. Mayor, etc. of New York*, 8 N. Y. 247. We are aware that there are authorities which announce a different rule. See *State Bank of Wisconsin v. City of Milwaukee*, 18

Wis. 295; *Bank v. Mumford*, 4 R. I. 478; *Bank v. Granger* (R. I.) (20 Atl. Rep. 202). But some, if not all, of them, will be found to depend upon peculiar provisions of law under which they arose, and for that reason are not in point. The conclusion we have reached requires the application of the same rules of valuation to stock assessed to the savings bank, as to stock of other corporations assessed to the stockholders, and simplifies and makes more certain the assessing of such property. This we believe to be within both the letter and spirit of that part of the statute which applies to this case. The district court erred in setting aside the assessment of so much of the surplus as was invested in money, and credits. Its judgment is reversed, and the cause remanded for further proceedings, in harmony with this opinion.—Reversed.