The Ottumwa Savings Bank v. The City of Ottumwa, Appellant.

**Taxation: u. s. bonds.** The amount paid by a bank for the purchase of U. S. Bonds should be deducted from its taxable assets, though paid for with the money of depositors and bought because they are not taxable.

**Practice on Appeal.** Questions not jurisdictional cannot be first presented on appeal, though the case be triable *de novo.*

*Appeal from Wapello District Court.*—Hon. W. I. Babb, Judge.

Wednesday, May 29, 1895.

This is a proceeding in equity for the correction of an assessment of personal property. There was a hearing on the merits, and a decree in favor of the plaintiff. The defendant appeals.—*Affirmed.*

*W. W. Epps* for appellant.

*W. A. Work* for appellee.

Robinson, J.—The plaintiff is a corporation duly organized as a savings bank under the laws of this state, and has a paid-up capital stock of fifty thousand dollars. On the twenty-third day of December, 1892, it purchased bonds of the United States of the par value of twenty-five thousand dollars, for which it paid

the sum of twenty-eight thousand four hundred dollars.    All of them were retained and owned by it until the seventeenth day of the next June, when a part, amounting to eleven thousand three hundred and fifty dollars, were sold, and others were disposed of from time to time until the twenty-third day of the next October, when the last of them were sold.    In March, 1893, the assessor of the city of Ottumwa assessed the plaintiff on its capital stock in the sum of ten thousand eight hundred dollars, or at the rate of fifty per cent. of the par value of the stock, after deducting therefrom the amount paid for the bonds.    In May, 1893, the city council of the city of Ottumwa, acting as a board of equalization, raised the assessment to twenty-five thousand dollars, and included in it all of the capital, the rate of assessment being the same as that adopted by the assessor.    The plaintiff claims that the assessment of so much of its capital as was invested in bonds was illegal, and asks to have the assessment reduced to the amount fixed by the assessor.    The defendant claims that the bonds were not purchased in good faith, and denies that any part of the capital of the plaintiff is exempt on account of them.    The district court found that the assessment made by the assessor was correct, and set aside the action by the board of equalization in raising it.

I.    The defendant contends that the alleged purchase of the bonds was made with the purpose of evading taxation, and with the intent to convert them into money before the expiration of a year; that the purchase was not made from the capital stock of the plaintiff, but from the general fund, which includes deposits and surplus.    It was held in *German American Sav. Bank v. City of Burlington,* 54 Iowa, 609 [7 N. W. Rep. 105]; and again in *Campbell v. City of Centerville,* 69 Iowa, 439 [29 N. W. Rep. 596], that the capital of banks invested in bonds of the

United States is not subject to taxation. The time of acquiring the bonds is immaterial if they are owned in good faith at the date from which the assessment is to be computed. It is no doubt true that one of the inducements for the purchase of such bonds is their nontaxable quality. But that is an element of value which investors may properly consider, and they do not necessarily act fraudulently if they take advantage of it. The purchase of the bonds in question appears to have been made in good faith, and was a legitimate investment of the capital of the plaintiff. They were not sold until it was compelled to dispose of them by the stringency in the money market. It may be true that the money actually used in making the purchase was received from depositors, but when deposited it became the property of the plaintiff, and was properly treated as a part of its capital, although subject to its liabilities. Thus, in ascertaining the amount of taxable property owned by the plaintiff, the money paid in by depositors, as well as the bills receivable and other evidences of debt purchased with money so paid, would be counted as assets, from the amount of which the sum owing to depositors would be deducted as debts. But, as the bonds were not taxable, they were properly deducted by the assessor and the district court from the taxable assets.

II. A statement showing the financial condition of the plaintiff was made on the thirty-first day of December, 1892. It would not be proper for us to determine from it the amount of property on which the plaintiff should have been assessed, for the reason that no question of that kind is raised by the pleadings nor made in argument. It is true that this case is triable *de novo*, but we cannot consider questions not of a jurisdictional character, presented for the first time in this court. We incline to the belief that the assessment should have been

greater than it is as made by the assessor and as cor-- rected by the district court. The statement referred to shows that on the last day of December, 1892, the plaintiff had in its possession undivided profits to the amount of nine thousand four hundred and seventy-eight dollars, and they were taxable. *Iowa State Sav. Bank v. City Council of Burlington* (Iowa) [61 N. W. Rep. 851]. But the pleadings and the evidence satisfy us that the entire controversy before the board of equalization and in the district court was in regard to the taxability of the bonds, and that the claim that the undivided profits were taxable is made for the first time in argument in this court. No attempt was made to show the amount of the undivided profits in the possession of the plaintiff on the first day of January, 1893. It is said of the statement to which we have referred that it was made and published at the close of business on the last day of December, 1892, and we may infer that the profits were undivided on the next day; but it would have been easy to show the fact by direct evidence, and, had it been regarded as material, it would doubtless have been done. That no question in regard to the profits was made in the district court appears to us to be clear. While it must be regretted if the plaintiff escape its just share of taxation, yet we cannot ignore the well-known rules of practice which require that questions of fact be presented for the consideration of the trial court before they can be reviewed by us. The jurisdiction of this court is appellate, and not original, in such cases as this. We conclude that on the issues presented the decree of the district court was right, and it is *affirmed*.