HERSHIRE, treasurer, etc. v. THE FIRST NATIONAL BANK OF IOWA CITY.

Taxation: SHARES OF DELINQUENT SHAREHOLDERS IN NATIONAL BANKS  To render, under our statute (chap. 153, Laws of 1868), a national bank, organized under the Federal banking law, liable for the payment of taxes due from its shareholders, it must be averred and shown that the bank now has or has had in its possession dividends or other money or property belonging to the delinquent shareholder. The bank is not absolutely liable, independent of such showing; the rule herein differing from that under the Kentucky statute.

*Appeal from Johnson District Court.*

TUESDAY, DECEMBER 4.

THIS action is brought by Johnson county, and Hershire, its treasurer, against the First National Bank of Iowa City, a corporation organized under the act of congress and doing a banking business in Iowa City, to recover about $2,000 of taxes, interest and penalty, for the years 1868 and 1869, due upon certain shares of the capital stock of said bank, owned by different non-resident persons whose names are given. There was a demurrer to the petition, by the defendant, which was sustained by the court. The plaintiff appeals.

*Clark & Haddock* and *Robinson & Patterson* for the appellant.

*Edmonds & Ransom* for the appellee.

Cole, J. — The averments of the petition are, substantially, that the plaintiff Hershire is treasurer of the plaintiff Johnson county, which is a municipal corporation under the laws of Iowa; that the defendant is a banking corporation duly organized under the acts of congress to provide a national currency, and doing business in Iowa City, and was so doing business in 1868 and 1869; that sundry shares of the capital stock, aggregating in value $23,000, were held and owned in those years by divers persons (the name and amount held by each being stated, and most of such persons being non-residents of the State); that the said shares while so held and owned were legally listed and assessed for taxation; that the taxes, interest and penalty now due thereon amount to $2,000; that said persons had neglected or refused to pay the same or any part thereof, and by virtue of the statute in such case made and provided, plaintiffs are entitled to demand and recover the same from the defendant, but the defendant has utterly failed and refused to pay the same or any part thereof. Wherefore plaintiffs ask judgment, etc.

The demurrer by the defendant to this petition was because: 1. There is a misjoinder of parties; 2. Neither party can bring the suit, nor is there a cause of action set forth in the petition; 3. The exclusive method of collecting taxes is pointed out by statute, and no other can be resorted to; 4. There is no averment in the petition that defendant has any dividends or other property of the taxed shareholders named, or ever had, from which the tax could be paid; 5. There is no tax claimed to have been levied on defendant, but only a tax against individual shareholders; and defendant cannot be made to pay it, unless defendant has dividends or property of such shareholders, and there is no averment in the petition to that effect; 6.

The plaintiffs are not the legal parties in interest, and no debt is shown against the defendant. This demurrer was sustained; and this ruling is assigned as error.

It is only necessary for us to consider the grounds speci fied in the fourth and fifth divisions of the demurrer. That is to say, if an action at law can be maintained for taxes due, and the plaintiffs are the proper parties to bring such action (and we express no opinion upon either), whether it is necessary in this case to aver that the defendant has dividends or other property of the delinquent shareholders in its possession or under its control, in order to state a cause of action against the defendants.

The act of congress under which the defendant was organized provides: "Section 40. That the president and cashier of every such association shall cause to be kept a correct list of the names and residences of all the shareholders in the association, and the number of shares held by each, and such list shall be open to the inspection of the officers authorized to collect taxes under State authority." The next section enacts that the tax upon the shares, imposed under the State laws, shall not exceed the rates imposed upon the shares of any of the banks organized under the authority of the State where such association is located. In providing for the taxation of the shares in banking associations, pursuant to the act of congress, our statute enacts: "That it shall be the duty of the principal accounting officer of each of said associations on or before the 1st day of May, 1868, and between the 1st and 15th days of January of each year thereafter, to list the shares of the association, giving the assessor the name of each person owning shares and the amount owned by each; and for the purpose of securing the taxes assessed upon said shares, each banking association shall be liable to pay the same as the agent of each of its shareholders, under the provisions of section 725 of the Revision of 1860; and it shall be the duty of the association to retain so

much of any dividend or dividends belonging to any shareholder as shall be necessary to pay any taxes levied upon his or her shares." (Laws of 1868, chap. 153, § 2.) The following is a copy of the Revision of 1860: "Section 725. Any person acting as the agent of another, and having in his possession, or under his control or management, any money, credits, assets or personal property, belonging to such other person, with a view of investing or loaning, or in any other manner using the same for pecuniary profit, shall be required to list the same at the real value, and such agent shall be personally liable for the tax on the same, and if he refuse to render the list or swear to the same, the amount of such money, property, notes or credits, may be listed and valued according to the best knowledge and judgment of the assessor, subject to the provisions of section 25 of this act."

It will be observed, upon the bare reading of our statute, that it does not like the Kentucky statute, involved and construed in *National Bank* v. *Commonwealth*, 9 Wall. 353, make the banking association directly liable for the taxes levied upon the shares. But our statute only makes the banking association liable to pay the taxes on such shares as the agent of the shareholders, the same as other agents are liable under the provisions of section 725 for taxes upon property under their control for investing, etc.; and our statute also devolves the further duty, upon the banking associations, of retaining sufficient of the dividends to pay the taxes.

Now, since other agents are only liable under the provisions of section 725, for taxes upon money, property, etc., *under their control* with a view of investing, loaning or otherwise using for pecuniary profit, it would seem necessarily to follow that the banking association could only be made liable, when it had the money, property or credits of its shareholders *under its control*, or when it retained or failed to retain dividends. In other words,

the liability of the bank for the tax of its shareholders will arise, when the liability of an agent for the tax of his principal will arise; and the liability of neither can arise except upon the fact that there is money, property or credits under the control of the bank or agent. Hence this fact must be averred in order to state a cause of action.

The shares in the capital stock of the banking association are the property, and under the control of the shareholders. They are not under the control or management of the banking association in any legitimate sense. Even if it be granted that the rules or by-laws of every banking association require, that in order to constitute a valid and complete transfer of such shares the same must be entered upon the stock-book of the association, yet this could not limit or restrain the absolute power of sale and alienation by the shareholder himself, and doubtless, any refusal to enter such transfer upon the stock-book might be overruled, and corrected by mandamus or other proper remedy. Of course, we are not here questioning or discussing the right of the banking association to retain the dividend for the purpose of paying the taxes, or of providing by rule or by-law, properly made and recorded, for the liability of the shares themselves for any indebtedness of the shareholder to the bank, or the like, so that any transfer of such shares could not affect the right of the bank as against a purchaser having notice of such by-law. All that we here intend to say is, that the shareholder himself in legal contemplation owns, controls, and manages his own shares, nothing different in fact being shown. And hence, the banking association is not liable for the tax due from shareholders, under our statute, simply because they are holders of shares in the capital stock of such banking association. Other averment and showing must be made that the shares are in fact under the control

or management of the association, before it can be made liable.

If there have been dividends, then it is made expressly the duty of the bank to retain them, or sufficient of them, to pay the taxes. And, if it should appear that the bank had made no dividends, but might have done so, and instead thereof, placed its earnings and profits to its assets as surplus, such surplus might possibly be held to be money, credits, assets or personal property belonging to the shareholders and under the control of the banks, and hence make it liable to that extent for the taxes due from its shareholders. In brief, our view of the statute is, that it effectuates a statutory garnishment of the bank, to secure the payment of the taxes due from its shareholders. To make it liable, it must be shown that the bank now has or has had dividends or other money or property belonging to the delinquent shareholder. Whereas the Kentucky statute makes the bank liable absolutely for the taxes upon shares. If that is better than ours, it is for the legislature, and not for us to enact it here.

Affirmed.