DAVENPORT NATIONAL BANK v. BOARD OF EQUALIZATION.

1. **Taxation:** POWER OF LEGISLATURE: NATIONAL AND SAVINGS BANKS: STATUTES CONSIDERED: NO DISCRIMINATION. Some slight latitude is allowed the legislature in modes of assessment, demanded by what are deemed controlling considerations, even though they should not result in absolute equality of taxation; and, with this principle in mind, section 818 of the Code, providing for the taxation of national bank shares, and section 28, chapter 60, of the Laws of the Fifteenth General Assembly, (McClain's Statutes, p. 319,) providing for the taxation of the capital of savings banks, compared and examined, and *held* not to discriminate against national banks, in violation of section 5219 of the Revised Statutes of the United States.

2. ———: OF THE CAPITAL OF SAVINGS BANKS: MEANING OF STATUTE. Taxation being the rule, and exemption the exception, the reasonable construction of the statute providing for the taxation of the capital of savings banks would *seem* to require that they be taxed for all money and moneyed assets resulting from payments made on stock subscriptions, and payments made on other obligations, where such payments are set apart and reserved as capital.

*Appeal from Scott Circuit Court.*

WEDNESDAY, JUNE 11.

THIS is an appeal from an order of the circuit court, affirming certain action of the board of equalization of the city of ·Davenport, Scott county. The party herein named as plaint-

iff, the Davenport National Bank, applied by petition to the board to cancel an assessment for taxes made upon the shares of stock in the bank. This the board refused to do. An appeal having been taken to the circuit court, and the action of the board having been affirmed, the bank now appeals to this court.

*A. J. Hirschl*, for appellant.

*C. M. Waterman* and *J. C. Bills*, for appellees.

ADAMS, J.—The appellant insists that national bank shares are not taxable in Iowa, because there is no valid statute in Iowa under which they can be taxed, and that there can be none while a certain statutory provision is in force in reference to the taxation of savings banks. Its position is that since the enactment of the provision—chapter 60, section 28, Laws of the Fifteenth General Assembly, (McClain's Statutes, p. 319,) the provision in reference to the taxation of national-bank shares (Code, § 818) has become discriminative against national banks, and is, therefore, in conflict with section 5219 of the Revised Statutes of the United States. The discrimination is said to consist in the fact that, under the statute respecting savings banks, the shares are not taxable, but merely the paid up capital, while, under Code, § 818, national-bank shares are taxable; and that the burden of taxation cast upon national banks under the statute can never be less than that cast upon savings banks, and may be more, and, under certain states of fact, is more. It contends that the record shows that in the city of Davenport, where the appellant is located, there are savings banks which are subject to less taxation than itself is.

1. TAXATION: power of legislature: national and savings banks: statutes considered: no discrimination.

The provision of the statute of the United States designed to prevent discrimination is in these words: "The taxation (of national-bank shares) shall not be at a greater rate than is assessed upon moneyed capital in the hands of individual,

citizens of such states." The appellant contends that savings-bank shares are moneyed capital in the hands of individual citizens. The appellees contend that it is not true, as appellant claims, that savings-bank shares are not taxable; and, even if they are not, that there is no discrimination in the purview of the statute of the United States. The statute in reference to the taxation of savings banks provides that "the paid up capital of all savings banks    *    *    * shall be subject to the same rates of taxation and rules of valuation as other taxable property,    *    *    *    * which taxes shall be levied on and paid by the banks, and not by the individual stockholders." If, as the appellees contend, the paid up capital of savings banks is taxable to the banks, and, in addition thereto, the shares are taxable to the shareholders, the appellant has certainly no reason to complain. The burden cast upon national banks is far less than that cast upon savings banks. As to whether savings-bank shares are taxable, we do not determine. We have reached the conclusion that, even if they are not, the taxation of national-bank shares is not, within the meaning of the statute, at a greater rate than is assessed upon other moneyed capital. There is no pretense that the taxation is greater than is assessed upon some other moneyed capital, and, in fact, upon moneyed capital generally. The appellant's position is that, if any moneyed capital is favored, national-bank capital must be, favored to the same extent. But in our opinion each state may, as a general proposition, provide for the assessment of savings-bank capital, as well as other property, in such mode as it may deem most convenient and effective for the collection of its revenue; and, so long as the legislature appears to have been influenced solely by such consideration, any slight advantage accruing as a mere incident to the mode of assessment should not be deemed a discrimination in rates, of such a character that national banks could properly claim that they should escape taxation, or be assessed by some mode different from that provided in the

national banking act. If any advantage accrues to savings banks from the mode of assessment which has been provided, it appears to us to be a mere incident of the mode, and evincing no desire to favor savings-bank capital. The statute provides for taxing savings banks by assessing the "paid up capital." This, in the outset at least, should be equivalent to assessing the shares. Later it might not be strictly so. The shares might come to have something of value by reason of good will and accumulated business. But we cannot regard that of sufficient importance to justify us in making the ruling which the appellant contends for. Property employed in trade and manufactures by incorporated persons is not taxed with reference to any such consideration. The taxation of shares in incorporated companies, which may have something of value by reason of good will, is not, we think, regarded as resulting in inequality of taxation as between shareholders and others owning property similarly employed. Some slight latitude is allowed in modes of assessment, demanded by what are deemed controlling considerations, even though they should not result in absolute equality of taxation. *City of Dubuque v. Railroad Co.*, 47 Iowa, 196.

Besides, the appellant's shares, as the evidence shows, were assessed solely with reference to its capital, including its surplus. They were not considered worth more than the amount of the appellant's actual moneyed assets. The result was precisely the same to the shareholders that it would have been if the bank's capital, including the surplus, had been directly taxed, instead of the shares, unless, in taxing the capital, a deduction should have been made by reason of the form which a portion of its capital had taken by investment in non-taxable bonds. Aside from the consideration of such deduction, we think that the taxation to which the appellant was subjected was practically the same as is contemplated for savings banks. This position we understand the appellant to deny. Its shares, as we have seen, were estimated with refer-

ence to its capital, including its surplus. The value of national bank shares would always be increased by reason of the surplus, where there is any, and the national banking act contemplates that there shall be a surplus, if earned. Now, while the net profits of savings banks may all be divided and distributed in the form of dividends, it is competent for a savings bank to reserve all or part, and in some instances, doubtless, this is done. Where done, do such accumulated profits escape taxation? We understand that the appellant assumes that they do. But in our opinion they do not. We are not inquiring, of course, as to what is actually done in individual cases. That is not material. Our inquiry is as to what the law contemplates.

Referring to the statute in reference to the taxation of savings banks, we have to say that possibly it might be thought that it affords some ground for the appellant's theory. It provides for the taxation of the paid-up capital. If we could see any reason for allowing that portion of a savings-bank's capital to escape taxation which results from accumulated and reserved earnings, we might think that by paid-up capital was meant merely so much of the capital employed as resulted from payments made on subscriptions to stock. But, even then, we should hardly feel justified in holding the accumulated and reserved earnings exempt. Taxation is the rule, and exemption is the exception.

Statutes are construed strictly against exemption. We cannot properly sustain an exemption upon a mere loose and doubtful implication, and that is certainly the most that can be said of the ground of exemption in question. The paid subscriptions to the stock of a savings bank constitute, in the outset, its working capital. Unpaid subscriptions, while regarded to some extent as in the nature of assets, should not of course be taxed. The words *paid-up capital* were probably used in distinction from the broader term *capital*, which is sometimes understood as including all subscribed capital, though not paid. Taking

2. ——: of capital of savings banks: meaning of statute.

the provision in its spirit, we think that we are justified in regarding it as meaning that there shall be subject to taxation all money and moneyed assets resulting from payments made on subscriptions, and payments made on other obligations, where such payments are set apart and reserved as capital, or at least as not exempting any part of such capital. If we are correct in this, savings banks are taxable practically in the same way (aside from one consideration hereafter to be noticed) in which the appellant was taxed, its stock having been estimated solely with reference to its paid subscriptions and its surplus.

We come, now, to the consideration that the taxation of national-bank shares is practically a taxation of its capital, including its non-taxable bonds. It is assumed, and perhaps correctly, that savings banks are entitled to a deduction for non-taxable securities held by them as a part of their capital. In respect to this we have to say, in the first place, that the national banking act contemplates that shares may be taxed, notwithstanding the practical result above mentioned. We are aware that it might be replied to this, so far as savings banks are concerned, that, if national-bank shares are taxed, savings-bank shares should be also. But this would not obviate the difficulty in question. Individual owners of national bonds cannot be taxed upon them. If it is objectionable to tax shares of national banks, while savings banks are taxed merely upon their capital, with non-taxable securities deducted, then national-bank shares cannot be properly taxed while individuals hold such securities. If there is any seeming hardship in this, it should be remembered that national banks have the advantage of their bills put in circulation, representing a large part of their capital, and which are not specifically taxable.

The claim that national-bank shares cannot properly be taxed, unless the shares of savings banks holding non-taxable securities are also taxed, is substantially disposed of, we

think, by *People v. Commissioners*, 4 Wall., 256.    In our opinion, the judgment of the circuit court must be

                                                    AFFIRMED.