THE PRIMGHAR STATE BANK, Appellant, v. HENRY RERICK, Treasurer, *et al.*

**Constitutional Law: TAXES.** The fact that Acts Twenty-third General Assembly, chapter 39. section 1, provide that the shares of capital stock of state banks shall be assessed to the banks and not to the individual shareholders, while Code, sections 818, 819, provides that national bank stock shall be assessed as the personal property of the owner, does not render these statutes void, for being in violation of the Constitution, article 1, section 6, providing that general laws shall have a uniform operation.

SAME. Acts Twenty-third General Assembly, chapter 39, section 1, providing that the capital stock of state banks shall be assessed to the banks and not to the individual shareholders, is general law, within Constitution, article 3, section 30, prohibiting the passage of any special law for the assessment and collection of taxes.

SAME. The fact that, under Code, sections 818, 819, national banks are liable for taxes assessed against the stock, only, in case they hold dividends of the owner, and that under Acts Twenty-third General Assembly, chapter 39, section 1, state banks are liable for such taxes absolutely, does not render the latter unconstitutional as in violation of Constitution, article 3, section 30, prohibiting the passage of any special law for the assessment and collection of taxes.

SAME. Acts Twenty-third General Assembly, chapter 39, section 1, providing that the capital stock of state banks shall be assessed to the banks, and not to the individual shareholder, is in harmony with Constitution, article 8, section 2, requiring all property to be equally burdened with taxation, and authorizes the legislature to adopt different methods of ascertaining values adapted to the various peculiarities of the property.

*Appeal from O'Brien District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

FRIDAY, OCTOBER, 25, 1895.

Action in equity to enjoin the collection of certain taxes, and to recover taxes paid. A demurrer to the petition was sustained, and judgment was rendered in favor of the defendants for costs. The plaintiff appeals.—*Affirmed.*

*Ernest C. Herrick* for appellant.

*Boies & Roth* and *T. J. Conn* for appellees.

Robinson, J.—The facts shown by the pleadings are substantially as follows: The plaintiff is a corporation, duly organized under the laws of this state, and is engaged in the banking business. The defendants are the county of O'Brien and its treasurer. The shares of the capital stock of the plaintiff were, during all of the year 1891, owned by private individuals, none being owned by the plaintiff. For the year stated, shares of the capital stock of the plaintiff were assessed in its name at the sum of six thousand five hundred dollars. The assessment thus made was duly returned by the assessor, and entered upon the tax lists of the county. Taxes to the amount of four hundred and twenty-two dollars and fifty cents were levied on account of the shares so assessed, one-half of which have been paid under protest. The plaintiff asks to have the assessment declared void, and seeks to recover the amount it has paid, and to have the defendants enjoined from collecting the remainder. A temporary injunction to restrain the collection was duly issued. The ground of demurrer alleged is that the facts stated in the petition do not entitle the plaintiff to the relief demanded.

Section 1 of chapter 39 of the Acts of the Twenty-third General Assembly is as follows: "Section 1. All shares of the capital stock of banking associations organized under the general incorporation laws of the

state, known as state or commercial banks, shall be assessed to such banks in the city or town wherein located, and not to the individual shareholders." It seems to be conceded that the plaintiff is a banking association within the meaning of that section, and that the assessment in question was made according to its provisions. It is claimed by the appellant that the provision is void, because in violation of portions of the constitution of this state, which are as follows: Article 1, section 6: "All laws of a general nature shall have a uniform operation; the general assembly shall not grant to any citizen or class of citizens, privileges or immunities which upon the same terms shall not equally belong to all citizens." Article 3, section 30: "The general assembly shall not pass local or special laws in the following cases: For the assessment and collection of taxes for state, county or road purposes. * * * In all the cases above enumerated and in all the cases where a general law can be made applicable, all laws shall be general and of uniform operation throughout the state." It is not necessary to the validity of an act that it operate upon all persons in the state alike. It is sufficient if it be general and uniform in its operation upon all persons in like situation, and this is true whether individuals or corporations are affected. *McAunich v. Railroad Co.*, 20 Iowa, 343; *Land Co. v. Soper*, 39 Iowa, 116. Nor is an act which prescribes a fixed and specific rule for the assessment of the property of one class of corporations or persons, different from that applicable to other classes, a special act, within the meaning of the constitution. Therefore, it has been held that an act which provided a specific rule for the assessment of express and telegraph companies operating and doing business within this state, different from that applicable to the assessment of other property, was not a special law. *Express Co. v. Ellyson*, 28 Iowa,

374. And the same rule has been applied to the assessment of railway property. *Central Iowa Ry. Co. v. Board of Sup'rs,* 67 Iowa, 199 (25 N. W. Rep. 128); *Chicago, B. & Q. Ry. Co. v. Iowa,* 94 U. S. 155. See, also, *Missouri Val. & B. Ry. & Bridge Co. v. Harrison Co.,* 74 Iowa, 287 (37 N. W. Rep. 372). We are of the opinion that the statute in question is general, not because it operates upon all persons within the state alike, but because it applies alike to all banking associations organized under the general incorporation laws of the state, known as "state or commercial banks."

It is said that taxes must be uniform, and, speaking in a general sense, that is true; but the rule means that all individuals and all classes must be required to share uniformly with like individuals and like classes the burdens of taxation. It does not mean that taxes may not be required of some which are not exacted of others, but that all persons subject to the same conditions must be uniformly taxed. *Warren v. Henly,* 31 Iowa, 38. Absolute uniformity and equality of taxation in all cases, and with respect to all kinds of property are not practicable. *City of Dubuque v. Chicago, D. & M. R. Co.,* 47 Iowa, 196; Cooley, Tax'n, 164 *et seq.* It is claimed that the statute in question is unconstitutional because it applies a rule of taxation to the associations to which it refers different from that applied to national banking associations doing business within the state. Code, sections 818, 819, provide that all shares of such banking associations shall be included in the valuation of the personal property of their owner, in the assessment of taxes in the township, incorporated town, or city, where the association is located and not elsewhere; that the shares shall be listed by the principal accounting officer of the association, and that the association shall be liable to pay the taxes thereon, and for that purpose

shall retain so much of any dividend belonging to the shareholder as shall be necessary to pay the taxes levied upon his shares. These provisions make the association liable on the taxes levied upon the shares of a stockholder only to the amount of dividends which may be payable on account of the shares, and possibly for other property of the shareholders, if any, under the control of the association. *Hershire v. Bank*, 35 Iowa, 272. But the shares must be assessed as the property of the owner. An assessment of them to the association is void. *Bank v. Hoffman*, 93 Iowa, 119 (61 N. W. Rep. 418). And such shares are credits, within the meaning of section 814 of the Code, from which the owner is entitled to deduct the debts which he is in good faith owing. *First Nat. Bank of Albia v. City Council of Albia*, 86 Iowa, 34 (52 N. W. Rep. 334).

The sections of the Code just considered are unlike the act of the Twenty-third General Assembly in question. That provides that the shares of the capital stock of the association to which it refers shall be assessed, not to the shareholder, but to the association. Whether such shares are credits, from which the owner may deduct his debts for the purpose of taxation, is referred to in argument, but as the references so made are brief, and since the question is not necessarily involved in the determination of the cause, we prefer to leave it undecided. It was mentioned but not decided in *First Nat. Bank of Albia v. City Council of Albia, supra*.

If it be true that shareholders of the capital stock of banks which fall within the provisions of the act under consideration cannot deduct their debts from the amount of their stock for the purposes of taxation, is the act valid? We are of the opinion that it is. The fact that national banks and banks organized under the general incorporation laws of this state

transact similar kinds of business does not show that
they must be taxed according to the same plan.

4.      National banks are organized and exist by vir-
tue of acts of congress. They are instruments of
the general government, designed to aid it in the admin-
istration of a branch of the public service. The states
cannot exercise control over them excepting with the
consent of congress, expressed or implied, and the
power of the states to tax them is derived from that
source. *Bank v. Dearing,* 91 U. S. 29; *First Nat. Bank
of Albia v. City Council of Albia, supra.* They are
subject to regulations and limitations of power which
have no application to state banks, and constitute a
class of corporations which may be properly subjected
to a plan of taxation different from that applied to
state banks. The latter constitute another class, with
distinct powers and privileges, and subject to differ-
ent restrictions, and may properly be subject to a plan
of taxation applicable only to that and similar classes.
By section 28 of chapter 60 of the Acts of the
Fifteenth General Assembly, the paid-up capital of all
savings banks organized and doing business under
that act is taxed to the banks, and not to the stock-
holders; but in *Davenport Nat. Bank v. Board of
Equalization,* 64 Iowa, 140 (19 N. W. Rep. 889), that
was held not to be a discrimination against national
banks, and it was said, as a general proposition, that
a state may provide for the assessment of savings-
bank capital, as well as other property, in such mode
as it may deem most convenient and effective for the
collection of its revenue. In the case of *Hubbard v.
Board,* 23 Iowa, 143, a distinction based upon *Van
Allen v. Assessors,* 3 Wall. 573, between taxing the
capital stock and the shares of the capital stock, of a
bank was recognized, but it cannot with any justice
be said that inequality of taxation results from taxing
the shares separately to their owner and taxing them

collectively to the bank. The aggregate capital of an incorporated bank is virtually owned by its stockholders, and each share represents a definite part of the whole. See *Iowa State Sav. Bank v. City Council of Burlington* (Iowa) 61 N. W. Rep. 851; *First Nat. Bank of Albia v. City Council of Albia, supra; Equitable Life Ins. Co. v. Board of Equalization of Des Moines,* 74 Iowa, 179 (37 N. W. Rep. 141). Therefore, the aggregate of the taxes levied upon the separate shares would be the same as those levied upon the separate shares taken together, or upon the capital stock.

National banks are not liable for the taxes on the shares of stock unless they have dividends or other property of the shareholders which may be used for the payment of the taxes, while state banks are liable for the taxes without regard to the dividends or other property owned by the stockholders. But, as the capital of a state bank is really owned by the stockholders, and as it is reduced by the amount paid for taxes, its value is reduced by a sum equal to that paid, and the shareholders do in effect pay the taxes, and equality of taxation to that extent exists under the two systems. If the owner of shares of the capital stock of a state bank may not deduct from their amount the debts he owes, it may be that he is to that extent required to pay more taxes than he would as the owner of shares of the capital stock of a national bank; but, if that be so, it is a mere incident, and not a necessary result, of the statute. It is, at most, one of the conditions attached to the ownership of stock in state banks which the shareholder who owes debts must be held to have assumed voluntarily; for no one is compelled to be a shareholder of a state bank, and exact equality in the practical workings of any system of taxation is not attainable, and a plan for the collection of revenue which the general

---

*Not yet officially reported.

assembly has deemed it expedient and wise to adopt ought not to be defeated because some taxpayers voluntarily place themselves in such condition that they are required to contribute more than their just share to the public revenue.

The appellant insists that the case of *State Bank v. Board of Revenue of Montgomery Co.*, 8 South Rep. (Ala.) 852, is in point, and an authority which the courts sustain. The opinion in that case is based upon provisions of the Alabama constitution which are not found in the constitution of this state, and upon the theory that "bank shares in a national bank and bank shares in a state bank belong to one species of moneyed capital," and "that any attempt to draw a distinction between them would be futile." That theory, as we have found, is not applicable under the laws of this state, and we do not think that the case is fairly in point. In *City of Dubuque v. Chicago, D. & M. R. Co.*, 47 Iowa, 196, section 2 of article 8 of the constitution of this state was considered, and its true meaning held to be "that all property, whether owned by corporations or individuals, shall be equally burdened with taxation, and that the legislature may adopt different methods of ascertaining values, adapted to the various peculiarities of the property." The statute in controversy is in harmony with that interpretation. By the method adopted for the taxation of shares of the capital stock of state banks, they are subject to the same rate of taxation as other property, and are required to bear their just share of the public burden, and no more. We conclude that the judgment of the district court is right and it is therefore *affirmed.*