STATE EXCHANGE BANK OF PARKERSBURG, Appellant, v. TOWN OF PARKERSBURG.

.Taxation: STATE BANK DEPOSIT. *Deposited as security for stock issued.* Where state bank stockholders deposited a sum equal to the face value of the stock held at the time of the organization, and certificates were issued to such stockholders, among whom there was an oral agreement that the deposits should not be withdrawn, but, in case of a sale of stock, should pass to the purchasers, to whom new certificates of stock should issue, which agreement was observed, and the stockholders' certificates were in terms payable on surrender, and bore an indorsement, "Nonnegotiable," such deposits were properly assessed to the bank, under Code, section 1322, providing that shares of stock in a state bank shall be taxed to such bank.

*Appeal from Butler District Court.*—HON. J. F. CLYDE, Judge.       •

WEDNESDAY, OCTOBER 10, 1900.

THE assessor of the incorporated town of Parkersburg assessed plaintiff bank for the purpose of taxation in the sum of $3,342. The board of review raised this assessment to the amount of $15,000. The bank appealed to the district court, asking that the amount be reduced to $5,151.36. This was refused, and from the order confirming the action of the board of review this appeal is taken.—*Affirmed.*

*Courtright & Arbuckle* for appellant.

*Edwards & Camp* and *Geo. A. McIntyre* for appellee.

WATERMAN, J.—In giving in its property to the assessor two items were overlooked by the bank, and it now concedes that its proper assessment should be $5,151.36. The controversy here arises over a certain sum of $50,000, which, if assessable to the bank, would increase its assessment to the

amount fixed by the board of review. If this sum of $50,000 is not taxable to the bank, the proper assessment is $5,151.36. The capital stock of the bank is $50,000. At the time of organization it was agreed among the stockholders that each should deposit in the bank an amount equal to the face value of the stock held by him, making a total deposit by stockholders of $50,000. This was done, and it is this amount which is the subject of controversy. Certificates of deposit were issued to the stockholders for the amount of this fund contributed by each. There was an oral agreement between the stockholders that these deposits should not be withdrawn, but, in case of a sale of stock, they were to pass to the purchaser, to whom a new certificate of deposit should issue. This agreement was observed, and no such deposit ever was withdrawn from the bank. For a time these certificates bore the indorsement, "Not negotiable except with stock certificate No. —;" the number in each case being inserted. But changes were made at times, and when this assessment was made the indorsement was merely, "Non-negotiable." At all times the certificates were in terms payable on their surrender.

It is said the oral agreement not to withdraw the deposits was invalid, and could not have the effect to alter the terms of the written instruments. Such an agreement is not invalid. It is only a rule of evidence that prevents its being shown in any case. But in any event, as the oral agreement was in fact observed and treated as binding by the stockholders and the bank, we see no reason why the rights of defendant may not be rested upon it. Neither of the parties affected ever questioned the bank's right to hold this money as against the claims of those who deposited it. Why, then, may not the municipality accept a condition which those parties recognized as existing? Under the oral agreement, these deposits belonged to the bank. They were part of its working capital and not an indebtedness which it might be called upon to pay. As strengthening this view,

we may add that the same dividends were paid on these deposits as upon capital stock. If the bank had the use of this money under an agreement between those who deposited it by which they bound themselves not to withdraw it, the certificates of deposit are in no sense different from stock certificates, and this money must be treated as surplus capital. Section 1322 of the Code provides that shares of stock in state banks shall be taxed to such banks, and this section, together with the one immediately preceding, prescribes the manner in which the value of such shares shall be ascertained. That method was pursued by the assessor; but this particular sum of $50,000 was treated as a deposit to be assessed to the individual owners, and was deducted from the total assets of the bank under the rule announced in *Campbell v. City of Centerville,* 69 Iowa, 439. The board of review, in revising the assessment, charged this up as in the nature of capital, which, for the reasons given, we think was correct.—AFFIRMED.

GRANGER, C. J., not sitting.