THE GERMAN AMERICAN SAVINGS BANK OF BURLINGTON, IOWA, Appellee, v. THE COUNCIL OF THE CITY OF BURLINGTON, IOWA, et al; Appellants.

Assessment of Taxes: APPEAL FROM BOARD OF REVIEW: NOTICE.
1   Service of notice of appeal from the action of a board of review in the matter of the assessment of taxes is sufficient to give the district court jurisdiction.

Same: SHARES OF STOCK: CAPITAL: BONDS. Where the shares
2   of stock in a banking corporation are assessed to the bank according to law, the bank cannot deduct from such assessment government bonds held by it as part of its capital.

·Appeal from Des Moines District Court.—HON. JAMES D. SMYTH, Judge.

THURSDAY, OCTOBER 16, 1902.

THE city council of the city of Burlington, acting as a board of review, assessed to the plaintiff the shares of stock of the bank after adding thereto the surplus and profits in its hands, and after deducting therefrom the value of the real estate owned by the bank. The bank at that time held government bonds of the face value of $100,000, which, by resolution of its directors, were held as a part of its capital stock. The bank made the claim before the board of review and before the district court that it was entitled to have these bonds deducted from the amount of its assessment, because not taxable. This claim was refused by the board of review, but allowed by the court, and judgment entered canceling and setting aside the assessment made by said board. The defendants appeal.—
*Reversed.*

*Geo. S. Tracy* for appellants.

*Power & Power* for appellees.

SHERWIN, J.—No transcript of the proceedings of the board of review was filed in the district court, nor was there any pleading filed. The notice of appeal which had been served upon the defendants was filed, but there is nothing therein tending to show that any issue was in fact tried by the board. Notwithstanding this condition of affairs, the district court had jurisdiction to hear the appeal. The notice of appeal gave the necessary jurisdiction. *Bremer Co. Bank v. Bremer County*, 42 Iowa, 394. Whether or not after acquiring jurisdiction, the court had evidence enough before it upon which to act intelligently, may be determined from the proceedings themselves, and we think the record clearly shows sufficient facts to authorize the court to enter judgment. In *Frost v. Board*, 114 Iowa, 103, there was an entire absence of anything, either in the nature of allegation or evidence, tending to show complaint or trial before the board of review; and on account thereof we held that there was nothing before the district court upon which it could act, and that the appeal was, therefore, properly dismissed. No question of jurisdiction was raised in that case, and none was determined.

*1. APPEAL from board of review: notice.*

II.   Section 1322 of the Code provides that "shares of stock of state and savings banks and loan and trust companies shall be assessed to such banks and loan and trust companies, and not to the individual stockholders." The contention of the appellee that the assessment in this case was in fact upon the capital of the bank, instead of an assessment of the shares of stock, is not sustained by the record. On the other hand, it appears clearly to us that the council intended to assess the shares of stock to the bank as provided in the section

*2. SHARES of stock: capital: bonds:*

referred to, and that the assessment was so made in fact. There is a well defined and well-recognized distinction between the capital of a bank and the shares of its stock. Indeed, we do not understand that this proposition is seriously questioned by the appellee. *First National Bank of Louisville v. Kentucky,* 9 Wall. 358 (19 L. Ed. 701); *Farrington v. Tennessee,* 95 U. S. 686 (24 L. Ed. 558). The shares of stock having been assessed to the bank as provided by law, instead of to the stockholders, may the bank deduct from such assessment the United States bonds held by it as a part of its capital, because of their exemption from taxation? The negative of this propositon is well settled by the highest authority. The tax on the shares of stock of a bank is not a tax on its capital. *Van Allen v. Assessors,* 3 Wall. 573 (18 L. Ed. 229); *Farrington v. Tennessee, supra; Railroad Co. v. Morrow,* (Tenn.) 11 S. W. Rep. 348 (2 L. R. A. 853); *Hubbard v. Board,* 23 Iowa, 130; *Bank v. Rerick,* 96 Iowa, 238. See, also, note in *McHenry v. Downer* (Cal.) 45 L. R. A. 737 (s. c. 47 Pac. Rep. 779), on the subject generally. The tax in this case, not being on the capital of the bank, but upon the shares of stock held by individuals, the bank had no right to deduct therefrom its United States bonds. *First National Bank of Louisville v. Kentucky, supra; Palmer v. McMahon,* 133 U. S. 666 (10 Sup. Ct. Rep. 324, 33 L. Ed. 772); *Trust Co. v. Lander* (Ohio) 56 N. E. Rep. 1036 and *Trust Co. v. Lander,* (22 Sup. Ct. Rep. 394 46 L. Ed. 456). And it is in this respect that the case at bar is distinguishable from *Ottumwa Sav. Bank v. City of Ottumwa,* 95 Iowa, 176, and *State Exch. Bank of Parkersburg v. Town of Parkersburg,* 112 Iowa, 104, in both of which cases the question of the taxation of the capital of the bank was alone involved. Whether, under this statute, the capital may be taxed as well as the shares of stock, we do not determine, for no such question is before us, no attempt having been made to tax the capital of the bank. The statute under consid-

eration is simply an enlargement of chapter 39 of the Acts of the 23d General Assembly, and is in no sense different therefrom in so far as it applies to banks organized under the laws of this state. Under that act it was held in *Bank v. Rerick,* 96 Iowa, 238, that banks designated therein were liable for the tax assessed to them on the shares of stock held by individuals, and it is said in answer to the contention that the bank, under such circumstances, would be paying taxes on property that it did not own; that, "as the capital of a state bank is really owned by the stockholders, and as it is reduced by the amount paid for taxes, its value is reduced by a sum equal to that paid, and the shareholders do, in effect, pay the taxes." This proposition cannot be successfully controverted, for the reason that the bank is owned by its stockholders; and, if it is making money and is paying dividends or reserving a surplus, the payment of the tax by the corporation, instead of by the individual stockholders, affects the value of the stock exactly the same; and this is equally true if the bank is not prosperous. This method of assessing and taxing the shares of stock of banks was undoubtedly adopted for convenience, and for the purpose of reaching valuable property which might otherwise escape its just share of the public burdens, and does not, in our judgment, compel payment of the tax by those who do not own the property. We think the question raised as to the constitutionality of the section of the Code under consideration is fully settled by *Bank v. Rerick,* 96 Iowa, 238.

We reach the conclusion that the case must be reversed and remanded for a judgment in conformity with this opinion.—REVERSED.