GEO. S. REDHEAD v. IOWA NATIONAL BANK, Appellant.

**Banks:** ASSIGNMENT OF STOCK: RECOVERY OF DIVIDENDS. An assign-
1 ment of bank stock will not carry with it unpaid dividends; but a demand by the owner is a condition precedent to an action for their recovery, unless the bank has refused to pay the same.

**Estoppel:** LIMITATION. A stockholder may bring an action to re-
2 cover dividends at any time within the period of the statute of limitations, unless the delay has prejudiced the rights of others.

**Taxation:** BANK STOCK. Shares of national bank stock are assess-
3 able to the owner, and the bank cannot properly pay taxes thereon except from unpaid dividends or other property belonging to the share holder.

**Dividends:** PAYMENT OF TAXES ON BANK STOCK. Under the record
4 in the case, a resolution of the bank directors " that the bank shall pay the taxes on the bank stock " is held to indicate a purpose to create a fund by declaring a dividend equal to the taxes which might be levied on each share of stock.

Dividends: PRESUMPTION OF LEGALITY. In the absence of a show-
ing to the contrary, the officers of a bank are presumed to
have acted lawfully in declaring a dividend.

Limitation of actions. In an action to recover a dividend on bank
stock, it is held that it must be assumed that the bank in-
tended the dividend to become available in time to pay the
taxes on the stock before they became delinquent, and that
the action was begun in time to make the plea of limitations
available only as to a portion of the tax.

*Appeal from Polk District Court.*— HON. HUGH BRENNAN,
Judge.

FRIDAY, JUNE 9, 1905.

ACTION to recover dividends alleged to have been de-
clared by defendant, and which it refused to pay. Judgment
as prayed, and it appeals.— *Modified* and *affirmed.*

*C. W. Johnston,* for appellant.

*J. K. Macomber,* for appellee.

LADD, J.— From 1895 to 1898, inclusive, the plaintiff
was a director and stockholder of the defendant bank, as
were also S. A. Robertson, H. R. Heath, J. J. Smart, C. H.
Dilworth, and J. M. Goodman, constituting a majority of the
board. In November, 1895, its board of directors adopted a
resolution " that the bank shall pay the taxes on the bank
stock, commencing with the taxes of 1895." The shares of
stock belonging to stockholders, other than those mentioned,
and Anna Redhead, A. C. Baldwin, and J. C. Savery, were
assessed each of the years referred to, taxes levied thereon,
and paid by the bank. Each of the parties named, however,
made sufficient showing of indebtedness to offset the value
of his stock, and therefore it was not subject to the levies,
and nothing was paid on account of their shares by the bank.
See *First Nat. Bank of Albia v. City Council,* 86 Iowa, 28.
This resulted in the bank paying out $1,748.33 for the benefit
of the stockholders whose shares were taxed, and nothing for

the use of those whose indebtedness exceeded the value of their shares. Had their shares been subject to the tax levies, these would have amounted to $1,174.68. The claims of the shareholders named against the bank have been assigned to the plaintiff, who demands recovery of the above amount on the ground that the resolution authorized a tax dividend each year which the bank omitted to pay him and his assignors. Indeed, there is no other tenable theory upon which the claim might be based, for they sold and transferred their stock to others in 1900, and, unless the liability of the corporation to each individual accrued before that time, they have no standing in court.

That dividends when declared constitute an indebtedness of the bank which does not pass with the assignment of the shares of stock is well settled. Helliwell on Stock and Stockholders, sections 312, 313; Cook on Corporations, sections 539, 541. They are held in trust for the stockholder, and a demand is doubtless essential as a condition precedent to bringing suit. See *Philadelphia, W. & B. R. Co. v. Cowell*, 28 Pa. 329 (70 Am. Dec. 128); *Bank of Louisville v. Gray*, 84 Ky. 565 (2 S. W. 168); *Hagar v. Union Nat. Bank*, 63 Me. 509. Upon such demand and failure to pay, an action may be maintained. *Jones v. Terre Haute R. R. Co.*, 57 N. Y. 196, 206. Helliwell on Stock, etc., section 328. No demand is alleged or proven, but the petition does aver that the bank "refused to pay the said dividend to plaintiff or his assignors." The answer does not contain a general denial, and nowhere puts in issue the above allegation. It must then be treated as true. Section 3622, Code. This refusal obviated the necessity of a demand, for in such a case it would be an idle and useless ceremony. *Robinson v. New Berne Nat. Bank*, 95 N. Y. 637.

Nor do we think the plaintiff estopped by long delay from maintaining the action. If the dividend declared constituted an indebtedness in favor of the stockholders, there

1. BANKS: assignment of stock; recovery of dividends.

is no reason for denying them the right to maintain an action at any time within the period of the statute of limitations. True, plaintiff and his assignors **2. ESTOPPEL: limitation.** constituted the majority on the board of directors and might have ordered payment, but their omission to do so ought not to defeat their recovery, at least in the absence of any showing that the bank or some one else has been misled to their prejudice. That they did not intend to waive payment appears from the assertion of some of them to the cashier of their right thereto. The record is void of any evidence tending to show that any one has been misled, and for this reason the plea of estoppel is without support.

Having disposed of the preliminary issues, we are now confronted with the main inquiry, did the resolution of the board of directors declare a dividend? If not, there is no escape from the conclusion that the bank laid **3. TAXATION OF BANK STOCK.** itself open to the charge of having unjustly discriminated between stockholders, and to having diverted its funds to improper uses. The one or the other of these conclusions is inevitable, and, as the presumptions of the law are in favor of honesty, the resolution ought to be construed, if by its language permissible, as authorizing the lawful disposition of the bank's funds. The shares of stock were assessable to the individual shareholders, and the bank was not liable for taxes levied thereon prior to October 1, 1897, and could not properly pay the same save from dividends or other property of the stockholders in its possession. See *Primghar State Bank v. Rerick,* 96 Iowa, 243; *Hershire v. Bank,* 35 Iowa, 272. Section 2957 Code.

Unless, then, a dividend was intended, the bank acted illegally in paying the taxes of any of the stockholders. It had no right to meet the obligations of such as might be required to pay taxes on their stock, and ignore **4. DIVIDENDS: payment of taxes on bank stock.** others the value of whose shares was offset by debts, for it was none of its concern whether such taxes were ever paid. Such a course would amount

to discrimination between stockholders of the same class, which is never permissible. Helliwell on Stock, etc., section 315. Taxation is uniform, and all the shares were assessable alike. This was doubtless in the mind of the directors when providing " that the bank shall pay the taxes on the bank stock," and their purpose must have been to declare a dividend equal to the taxes which might be levied on each share. The value of the stock of the majority of the directors was offset by debts, and it is all but inconceivable that they intended in adopting the resolution, not only to violate the law, but to unjustly discriminate against their own interests. The more reasonable conclusion is that their object was to create a fund to the credit of each shareholder, out of which the taxes which might be levied on his shares could be paid to himself or the treasurer lawfully. The resolution is silent as to whom payment shall be made. Ordinarily the treasurer would be presumed to have been intended. But this does not necessarily follow. Suppose the shareholder chanced to pay the taxes instead of the bank, was he to be denied the benefit of the resolution? Such may well have been the design if those against whose stock none were levied were also to be denied that equality to which they were entitled. As the bank was under no obligation to pay the taxes, and the resolution was solely in the interest of the stockholders, it should not be construed as directing payment, save by way of declaring a dividend sufficient for that purpose. The resolution is not as specific as it might have been, but we think it fairly susceptible to the construction stated. When so construed, the tax dividend is equivalent to a cash dividend which may be used by the shareholder in payment of taxes or any other purpose as he may choose.

But it is said the record fails to show that there was a surplus out of which to pay dividends. The testimony of Robertson that the bank was solvent and had a surplus was undisputed, save by the showing that no other dividends were declared, and that the shares were assessed at a fraction

of their par value.   The latter is not a safe criterion by
which to test value, (*Conry v. Benedict,* 108
**5. DIVIDENDS:**
**presumption**     Iowa, 664), and the failure to declare divi-
**of legality.**
dends might have been owing to other reasons
than want of surplus.   In the absence of any showing, the
officers are presumed to have obeyed the law, and therefore
not to have declared a dividend which impaired in any way
the capital of the bank.   See *Stoddard v. Shetuckot Foundry
Co.,* 34 Conn. 542.

The defendant pleaded the statute of limitations, but it
was available only for a half of one year.   This action was
begun in March, 1901.   According to section 1403 of the
Code, it is "the duty of every person subject
**6. LIMITATION**    to taxation to attend at the office of the treas-
**OF ACTIONS.**
urer at any time between the first Monday of
January and the first day of March and pay his taxes in full
or one-half thereof before the first day of March succeeding
the levy and the remaining half before the first day of Sep-
tember, following."   Then it was the duty of the shareholder
to pay one-half of his taxes before the first day of March,
and, in the absence of specific proof, it is to be assumed that
the bank intended the dividend to become available for the
shareholders in time to perform their duty and to pay before
the taxes should become delinquent.   If so, the first half of
the taxes of 1895 must have been paid before March 1, 1896,
and as to such half the plea of the statute of limitations should
have been sustained; otherwise it was properly overruled.
With this modification, the decree is approved.— *Modified
and affirmed.*