LOBSITZ HARDWARE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3620.   Decided October 30, 1926.

The amount of earnings credited to stockholders' accounts *held* to have been properly excluded from invested capital.

*Herman Muhlherr*, *C. P. A.*, for the petitioner.
*Bruce A. Low*, *Esq.*, for the respondent.

This is a proceeding for the redetermination of a deficiency for the year 1921 in the amount of $23.62.

FINDINGS OF FACT.

The taxpayer, a small Oklahoma corporation the stock of which is closely held, is engaged in the mercantile business at Perry, Okla. No meetings of the stockholders or directors have been held at any

time. At the close of each year it has been the custom of the corporation to credit its earnings for the year to the stockholders' accounts according to the stock held. In determining the deficiency here involved, the Commissioner has excluded from invested capital $5,285.48, representing earnings for 1920 which were credited to the stockholders' accounts as of December 31, 1920.

### OPINION.

GREEN: On the evidence we are of the opinion that the Commissioner must be sustained. The pertinent parts of section 326 of the Revenue Act of 1921, which define the term "invested capital," read as follows:

(a) That as used in this title the term "invested capital" for any year means (except as provided in subdivision (b) and (c) of this section):

(1) Actual cash bona fide paid in for stock or shares;

(2) Actual cash value of tangible property, other than cash, bona fide paid in for stock or shares, at the time of such payment, but in no case to exceed the par value of the original stock or shares specifically issued therefor, unless the actual cash value of such tangible property at the time paid in is shown to the satisfaction of the Commissioner to have been clearly and substantially in excess of such par value, in which case such excess shall be treated as paid-in surplus:   *   *   *

(3) Paid-in or earned surplus and undivided profits; not including surplus and undivided profits earned during the year."

From this definition, the amount in question, if it is to be included in invested capital, must be included as earned surplus and undivided profits. The question then is whether the crediting of the amounts to the stockholders' accounts in proportion to the stockholdings represents a distribution. That no distribution was made as a result of a formal act of the directors or stockholders is disclosed by the facts, but that does not necessarily mean that the earnings were not effectively distributed. *Smith* v. *Moore*, 199 Fed. 689; *Hartley* v. *Pioneer Ironworks*, 181 N. Y. 73; 73 N. E. 576; *Central of Georgia Ry. Co.* v. *Central Trust Co.*, 135 Ga. 472; 69 S. E. 708; and *Redhead* v. *Iowa National Bank*, 127 Iowa, 572; 103 N. W. 796.

We have had the same question before us in the *Appeal of Kelly-Buckley Co.*, 1 B. T. A. 1154, and *Appeal of Electrical Supply Co.*, 1 B. T. A. 658. In those appeals formal dividends were not declared but earnings were credited to stockholders in the same manner as in the instant case. In those cases the facts also show that the accounts were subject to withdrawal by the stockholders and that withdrawals were actually made. See also *Appeal of H. H. Hornfeck & Son, Inc.*, 3 B. T. A. 1165. We held that the Commissioner properly excluded the amounts so credited from invested capital on the ground that the crediting of the profits amounted to a division and distribution and that such amounts as were still used in the business represented borrowed capital.

In the instant case, the record fails to show the attitude of the stockholders toward these accounts and whether or not they were subject to withdrawal at the will of the stockholders, or whether they were in fact drawn on by them.

The taxpayer has advanced in support of its case the decisions in *English & Mersick Co.* v. *Eaton*, 299 Fed. 646, affirmed by the Circuit Court of Appeals, 7 Fed. (2d) 54, and *Davidson & Case Lumber Co.* v. *Motter*, 14 Fed. (2d) 137. In the case first cited the court found that the crediting of profits did not constitute a distribution, that it was not so considered by the stockholders, and that the surplus remaining in the business had at all times been invested in machinery and equipment and no fund had been placed at the disposal of the stockholders. In the *Davidson* case it also appears that the court had sufficient facts before it to convince it that the amount in question had never been placed at the disposal of the stockholders but at all times belonged to the corporation and was so considered. In that respect the court was in an entirely different position from that in which we find ourselves. In this case the taxpayer has failed to submit evidence to show that the amounts so credited were not subject to withdrawal at will, or that amounts were not customarily so drawn. The Commissioner has found that a distribution was made, and, since the burden is on the taxpayer to show error on the part of the Commissioner (which has not been done in this case), we must approve his findings.

*Judgment will be entered for the Commissioner.*

SMITH dissents.